JOHN COTTON vs. JOSEPH K. CAMPBELL — Error from Walker County.

Where a witness discloses that there is evidence of a higher degree of the fact about which he is testifying, his testimony should not be received to establish the fact.

The admission of irrelevant testimony is not sufficient cause for the reversal of the judgment, unless it appear that such testimony was calculated to mislead the jury.

A judgment will not be reversed upon the ground that the evidence was not sufficient to support the verdict, when the evidence is contradictory.

Case stated in the opinion of the court.

WEBB for plaintiff in error.

YOAKUM for defendant in error.

Mr. Justice Lipscomb delivered the opinion of the court.

This suit was brought by the defendant in error against John Cotton, plaintiff in error, and William McDonald, on their joint contract to pay the defendant in error five hundred dollars for superintending the getting out of the timbers and performing the mechanical work of a mill; and by which contract the said Cotton and McDonald were bound to furnish the defendant in error four good hands. The petition averred a performance of the work; that he had not paid the amount of five hundred dollars; that he claimed the balance; that he had not been furnished the four hands according to contract, and had worked himself in getting out and preparing the timbers, to the value of one hundred dollars; and that he was entitled to one hundred dollars more for the delay — making two hundred dollars for the labor and loss of time.

The defense set up was, non-performance in a reasonable time; and that the work was so badly executed as to be of little or no value to the plaintiffs; and payment of three hundred dollars by McDonald.

There was a verdict for the defendant in error for two hundred and fifty-six dollars and fifty-six cents, and judgment accordingly. There was a motion for a new trial, because the *verdict was contrary to law and evidence;* which motion was overruled, and to reverse which judgment Cotton brought a writ of error to this court.

Pending the trial, several exceptions were taken to the admission and rejection of testimony, and to charges refused and to charges given. None of them, however, is thought worthy of notice, excepting the one in relation to the acknowledgment of the payment of three hundred dollars to the defendant by a note of one Allen. The ground on which the testimony was rejected was, that witness said defendant had given a showing or receipt for the payment. This receipt was certainly a higher degree of evidence than was offered, and ought to have been produced; there was, then, no error in rejecting the evidence. This payment appears, by the record, to have been proven by the receipt of the defendant in error afterwards.

A passing remark, perhaps, may be proper, as to the admissibility of the agreement of copartnership between Cotton and McDonald in the mill being admitted in evidence. The relevancy of this piece of testimony is not perceived; but as it could in no way affect the decision or finding of the jury, it is not believed to be sufficient ground for reversing the judgment, although it ought not to have been received. Evidence of that character is sometimes calculated to mislead the jury; and could it be thought possible, or likely to have misled the jury in this case, the judgment would be reversed.

There was no evidence of any payment having been made but the payment shown by the receipt to McDonald, and that is to the following effect: "Rec'd of Wm. McDonald, three hundred dollars; that is to say, two hundred and fifty dollars on the contract made between myself and said William McDonald and John Cotton, on the 23d of Nov., 1846, for the building of a saw-mill, which was completed on the 1st day of June, 1848; and fifty dollars, estimated as half the amount due me for the failure of the said Cotton & McDonald to furnish the hands as required by said contract." From this, it appears that the defendant and McDonald had agreed upon the estimate of the damages for the failure to furnish the hands, and was no doubt intended to be payment of McDonald's portion.

There was a great variety of evidence as to the manner in which the work had been executed and as to the hands furnished the defendant in preparing and getting out the timber, and it was far from being satisfactory. It was, in some respects, very contradictory. There was evidence that the mill had been received, and that McDonald had expressed himself satisfied with the work. This court has so repeatedly declared that it will not reverse a judgment on the ground that the evidence was not sufficient to support the verdict, when the evidence is contradictory (some supporting, and some witnesses adverse to its truth), that it is not necessary now to enter again into the just grounds on which this rule has been laid down.

The judgment is affirmed.