## A. J. HUTCHINS ET AL v. MATILDA BACON.

1. VERDICT—INNOCENT PURCHASER—TRESPASS TO TRY TITLE.— The defendants in trespass to try title pleaded that they were innocent purchasers, who had bought a portion of the land sued for, and had, in good faith, made permanent and valuable improvements thereon. Though there was evidence in support of the plea, the court, in the charge, failed to allude to the subject of improvements, though the jury, in returning a verdict for plaintiffs, added, " the present occupants to hold their improvements." The court, in rendering judgment, treated this portion of the verdict as surplusage : *Held*—

    1. That though no judgment could have been rendered on so much as the verdict as clearly intended to protect the defendants in the value of their improvements, it could not be disregarded, as surplusage.

    2. If the pleadings had presented no issue of improvements in good faith, or if the evidence had justified the court in withdrawing the issue from the jury, the finding on the subject of improvements might have been rejected.

    3. The fact that a purchaser, who has paid for land, did so, with knowledge of an adverse claim, which was, in fact, the better title, is not conclusive of the fact that such purchaser had not acted in good faith.

    4. That the verdict, being only a conditional finding for plaintiff, should not have been received.

2. APPROVED.—Dorn *v.* Dunham, 24 Tex., 380 ; and Sartain *v.* Hamilton, 12 Tex., 222.

3. TRESPASS TO TRY TITLE—PRESUMPTION.—A B, who sued as a *feme sole*, in tresspass to try title, alleged that she was the owner, and entitled to possession of the land sued for, and that she held the same by regular chain of title, which she filed ; one of the deeds was made to her whilst her former husband was yet living. The court refused to charge that the presumption was, that the land was community property, and that the plaintiff could not maintain a suit for it in her own name : *Held*—

    1. That there was no error in refusing the charge.

    2. Distinguished from Hatchett *v.* Conner, 30 Tex., 111 ; Holloway *v.* Holloway, 30 Tex., 164 ; Owen *v.* Tankersley, 12 Tex., 413 ; and Moffatt *v.* Sydnor, 13 Tex., 628.

4. EVIDENCE—TESTIMONIO.—The testimonio of a deed by public act executed in 1834, cannot be admitted to record without proof of its execution.

5. SECONDARY EVIDENCE.—Secondary evidence of the contents of a paper addressed to a deceased person : *Held*, Admissible after its former existence, its genuineness and loss have been testified to by the executor, and an affidavit had been filed by the attorney of the plaintiff desiring the evidence, that the plaintiff and himself had made diligent search for the paper among the papers of plaintiff, where said paper ought to be, and that it had not been found, but was lost or mislaid.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This suit was brought by Matilda J. Bacon, against A. J. Hutchins, T. B. Holder, Isam G. Searcey, and others, in trespass to try title. The petition alleged that "she is the owner, and entitled to possession," of the land in controversy; "that she holds said land by regular chain of title from Jesse Denson, which she will show to the court and jury on the trial hereof." Attached to the petition, and made a part thereof, was a notice of the filing of certain deeds, among which was a deed by Thomas S. Bacon to Matilda J. Bacon, dated 10th May, 1870, which was read in evidence. This deed was made to plaintiff while she was a married woman, the wife of A. B. Bacon, and recited a conveyance of the land to her, in consideration of the sum of one hundred dollars paid the grantor by her. The plaintiff amended, alleging, that since she instituted the suit, she had married one Dinsmore, who appeared and made himself a co-plaintiff.

The defendants, Robert Singleton and T. B. Holder, alleged that they were the owners of the land; that they had purchased the same for a valuable consideration, in good faith, and without notice, &c., and made suggestion of improvements, in good faith, in accordance with the statute.

A general demurrer was filed by all the defendants, and a plea of "not guilty."

On the trial, the following charge was asked by the defendants, upon the legal effect of the conveyance to Matilda J. Bacon.

"If the jury believe, that at the time that the deed to the land

in question was made by Thomas S. Bacon to Matilda Bacon, the said Matilda was a married woman, the said land became the community property of herself and husband, and her said husband has since died, then she cannot legally maintain a suit for it in her own name as her separate property—the presumption of law being that property acquired during marriage by onerous title is community property, and it devolves upon the party claiming it as separate property to show it."

The refusal of this charge by the court below was assigned as error.

Plaintiff claimed title under conveyances from one Jesse Denson, grantee of the land in controversy, and read a copy of a conveyance, certified by the clerk of the District Court of San Augustine county, on the 13th of April, 1871, as a "true and correct copy of the original now on file in my (his) office." The instrument was dated October 31, 1834. It was signed by the grantor, and Benjamin Lindsay, alcalde, and two instrumental witnesses. Defendants objected to its being read, on the ground that it was not properly authenticated for record. The objection was overruled, and this ruling was assigned as error.

A witness, Roberts, the executor of Elisha Roberts, was, over the objection of defendants, permitted to testify as to the contents of a certain order and letters of Jesse Denson to Elisha Roberts, recognizing the title to Hutchins, under whom plaintiff claimed. The evidence was admitted upon the affidavit of plaintiff's attorney, that "plaintiff and affiant had made diligent search for the orders and letters of Jesse Denson to Elisha Roberts among the papers of plaintiff, where said papers ought to be, and where plaintiff and affiant believe they ought to be, and they have not found them, and affiant states that they are lost or mislaid." Roberts testified to the former existence and loss of the papers. To this ruling of the court, also, exception was taken, and the ruling assigned as error.

The verdict, and the action of the court below in rendering

judgment upon it, are referred to in the opinion, in which the verdict is set forth at length.

*Sayles and Bassett,* for appellants.—On the proposition contended for by them, that the surviving wife cannot recover in a suit brought by her alone, on a deed executed to her during coverture, with a former husband, the presumption being that the land belongs in such case to the community, cited Owen *v.* Tankersley, 12 Tex., 413; Moffatt *v.* Sydnor, 13 Tex., 628; Holloway *v.* Holloway, 30 Tex., 164, and Hatchett *v.* Connor, 30 Tex., 111.

*Preston & Smith and Stuart & Barziza,* for appellee, insisted that the act of sale was in due form, and was such an instrument as imported verity, and needed no other authentication to "entitle it to recordation" than it possessed, citing Herndon *v.* Casiano, 7 Tex., 322; Paschal *v.* Perez, 7 Tex., 348; Houston *v.* Perry & Williams, 5 Tex., 462; Smith *v.* Townsend, Dallam, 569; Hubert *v.* Bartlett, 9 Tex., 97.

As to Mrs. Bacon's right to sue, they cited Womack *v.* Shelton, 31 Tex., 592; Watrous *v.* McGrew, 16 Tex., 506; Croft *v.* Rains, 10 Tex., 520, and May *v.* Slade, 24 Tex., 207.

GOULD, ASSOCIATE JUSTICE.—The answers of the defendants, Singleton and Holder, set up that they were innocent purchasers in good faith, of part of the land sued for, from their co-defendant, A. J. Hutchins, and that they had, in good faith, made valuable improvements, for the value of which they claim judgment, in the event the plaintiff recovered judgment for the land. There was evidence in support of this plea sufficient to entitle them to have it passed upon by the jury. In the charge of the court, no allusion was made to the subject of improvements, in good faith. The jury, however, returned the following verdict: "We, the jury, find for plaintiffs, the south half of the Jesse Denson league, No 8, Spring creek, Harris and Grimes county, Texas, and give no damages for timber, &c., the present occupants to hold their improve-

ments." On this verdict, the court rendered judgment for the half league of land sued for, which judgment concludes as follows: "And whereas there was no reference to the improvements, in the charge of the court, it is ordered that the portion of the verdict referring to improvements be regarded as surplusage."

The indefiniteness and uncertainty of the verdict was made one of the grounds of a motion for new trial, and one of the errors assigned is, that the judgment of the court does not conform to, nor is it supported by, the verdict of the jury.

The verdict was certainly not an unconditional finding for the plaintiff. If, in finding that defendants should hold their improvements, it was not intended that they should hold also the land improved, still the holding of these improvements is a condition qualifying the verdict for plaintiff. It was the evident intention of the jury that the defendants should not lose their improvements without compensation; and whilst their verdict was not such that the court could render thereon a judgment carrying out that intention, it was an attempt to respond to an issue made by the pleadings, and not unsupported by evidence, and cannot be treated as mere surplusage. "Where the jury find the issue, and something more, the latter part will be rejected as surplusage." (Patterson *v.* United States, 2 Wheat., 225.) If the pleadings had presented no issue of improvements in good faith, or if the evidence had justified the court in withdrawing that issue from the jury, the finding on that subject might have been rejected. The plea setting up that defense or claim was certainly sufficient, in the absence of exceptions, and the evidence showed that Holder & Singleton held under deeds from A. J. Hutchins, whose claim of title reached back to the sole heir of the original grantee; that they paid Hutchins for the land, and that they had, each of them, made improvements on the land, to the value of not less than $300 each. Counsel for appellees say that the evidence clearly established that defendants acquired their title, and took possession of the land, with

knowledge of the title held by plaintiff. However this may be as to the other defendants, the record does not show such knowledge in Holder & Singleton; and even if it did, that fact would not be conclusive that they had not acted in good faith. (Dorn *v.* Dunham, 24 Tex., 380; Sartain *v.* Hamilton, 12 Tex., 222.)

It is true, that when the court failed to submit the issue to the jury, that the defendants should have asked appropriate charges, the refusal of which would have been error. As they neglected to do this, if the jury had simply found for plaintiffs, the defendants would, perhaps, have had no right to complain. But inasmuch as the jury, though uninstructed on the subject, have nevertheless attempted to pass upon the issue, and to find on it for the defendants, the court was not authorized to disregard that part of their verdict, however informal. As returned, the verdict should not have been received; having been received, it was only a conditional finding for plaintiff, and did not authorize the absolute judgment rendered in her favor, and for this error the judgment must be reversed.

There are other questions presented by the assignment of errors, and discussed by counsel on both sides, on which it is proper that we should give our conclusions.

The plaintiff, at the time suit was commenced, was the surviving wife of A. B. Bacon, deceased, and alleged in her petition "that she is the owner, and entitled to the possession of" the land sued for, and that "she holds said land by a regular chain of title," and attached to her petition a notice of the filing of certain deeds. Amongst these was a deed from Thomas S. Bacon to herself, made whilst her husband was still living, which deed was read in evidence on the trial. The defendants asked a charge, in substance, that the presumption was that the land was community property, and that plaintiff "could not maintain a suit for it in her own name as her separate property." In support of the proposition, that the refusal of this charge was error, we are referred to the cases

of Hatchett v. Connor, 30 Tex., 111; Holloway v. Holloway, 30 Tex., 164; Owen v. Tankersley, 12 Tex., 413; Moffatt v. Sydnor, 13 Tex., 628.)

The cases referred to will be found to be suits brought in the name of both husband and wife, or in the name of the husband alone, for the recovery of what is alleged to be the separate property of the wife, and to hold, that in suits thus brought a recovery cannot be had on evidence which shows it to belong to the community, or to be the separate property of the husband. In this case the plaintiff sued as a *feme sole;* and just as any other owner of land, or of an undivided interest in land, she alleges her ownership in general terms. As she was a *feme sole,* no averment that the land was her separate estate was necessary, and none such was made. If, in fact, she only owned an undivided interest in the land, she might have alleged such to be her title, and have maintained her suit against a wrongdoer. (Croft v. Rains, 10 Tex., 523; Watrous v. McGrew, 16 Tex., 510; Grassmeyer v. Beeson, 18 Tex., 766; and Presley v. Holmes, 33 Tex., 478.) But having sued under a general allegation of title in herself, it is not a variance if the evidence shows that she owns less than the whole, or only an undivided interest. (Dewey v. Brown, 2 Pick., 387; Somes v. Skinner, 3 Pick., 62; McFadden v. Haley, 1 Bay, 457; Watson v. Hill, 1 McCord., 161; 2 Washburne on Real Prop., 2d ed., page [422,] 438.)

Another assignment of error is, to the admission in evidence of a deed (by public act) from Jesse Denson, the grantee, to Elisha Roberts, the objection, taken by bill of exceptions, which also describes the instrument offered as a deed, being, that it was not properly authenticated by any notarial act which entitled it to record. Looking at the statement of facts, it appears that the instrument read in evidence was a copy of what purported to be a deed by public act, executed in 1834, before the alcalde of the municipality of San Augustine, with two assisting and two instrumental witnesses; and that immediately following the signatures, as

they would appear in the original or protocol of such an instrument, is the certificate of the clerk of the District Court of San Augustine county, made in 1871, that the "foregoing deed * * is a true and correct copy of the original deed now on record in my office, in book B, p. 68, records of deeds, mortgages, &c." The question discussed by counsel is, whether a *testimonio* can be admitted to record without proof of its execution—a question settled in the negative by numerous decisions of this court. (Word *v*. McKinney, 25 Tex., 258; Lambert *v*. Weir, 27 Tex., 364; Hatchett *v*. Conner, 30 Tex., 108; Wood *v*. Welder, 42 Tex., 408.)

But we see nothing in the record to make this discussion appropriate; for it nowhere appears that a *testimonio* was recorded. Indeed, there is so much of uncertainty as to what was the real nature of the instrument offered in evidence, that we feel justified in dismissing the subject, with one or two suggestions. First, if the instrument offered was a mere copy of the record of a *testimonio* or protocol, inasmuch as the land did not lie in San Augustine county, the registration there was unauthorized, however the instrument may have been authenticated. Second, it seems to us not improbable that the instrument copied by the clerk of San Augustine county is the original or protocol, which should be in his office, and which may, with other similar instruments, constitute book B of the county records. If so, and if such is the meaning of the certificate, the copy was admissible in evidence, and admissible to record in the county where the land lies. (Paschal's Dig., arts. 3717 and 4984.)

The only other assignment of error discussed by appellant is, as to the admission of the depositions of Felix Roberts, testifying, amongst other things, to the contents of an order and of letters from Jesse Denson to Elisha Roberts, it being objected that no proper predicate was laid for the admission of secondary evidence. In regard to the letter, Roberts, the executor of her father's estate, and at one time custodian of the letters, proved their existence and genuineness, and their loss;

and in connection with the affidavit of plaintiff's attorney, it would seem that a sufficient predicate was laid. In regard to the order, it seems that the contents of the letters were to the same effect, and that it was immaterial whether there was a separate order or not.

Other errors assigned were not discussed, and may be regarded as abandoned.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.