WILLIAMS & GUYON v. GEORGE W. DAVIS.

(Case No. 896.)

1. JUDICIAL RECORDS, PROOF OF.— Contents of judicial records, unless lost or destroyed, cannot be proven by parol evidence.

2. ADMINISTRATION, EVIDENCE OF CLOSING — SECONDARY EVIDENCE.— The papers and orders of the probate court, or copies thereof, are the best evidence to show that an administration is not closed; oral testimony to that effect is secondary evidence.

3. SAME — CONCLUSION OF LAW.— Oral testimony that the records do not show that an administration was closed is inadmissible, being testimony to a conclusion of law.

4. ESTATE, PARTITION OF — WHEN TITLE VESTS.— Where, in the partition of an estate, land ordered to be sold as incapable of division is on the application of a distributee allowed to be taken by him, on his executing his obligation with sureties to the other distributee for the appraised value, under the statute (Pasch. Dig., art. 1360), the payment of the money or execution of the obligation is a condition precedent to the vesting of title.

5. JUDGMENT LIEN, HOW DESTROYED.— By lapse of twelve months between executions a judgment lien is lost.

6. SUIT FOR THE WHOLE — PART RECOVERABLE.— One having sued for the whole of a tract of land may nevertheless recover an undivided interest.

APPEAL from San Jacinto. Tried below before the Hon. Henry C. Pedigo.

Williams & Guyon brought this suit against G. W. Davis, January 20, 1875, to recover two tracts of land situated in San Jacinto county. Williams & Guyon claimed title to this land through an order of the probate court of Polk county, made January 28, 1867, in the estate of I. T. & J. J. Patrick, then being administered in said court. Partition of the lands of said estate had been ordered, and commissioners had reported that the lands could not be partitioned; whereupon James N. Patrick applied to purchase the land at the appraised value, he being one of the heirs of said estate. An order was made vesting title in him upon his executing to the other distributees his obligations therein defined.

On March 29, 1869, McConnell, the former administrator of said estate, was removed, and James N. and his brother, I. Tyler Patrick, were appointed and qualified as administrators thereof.

February 2, 1870, Jas. N. Patrick conveyed the lands in controversy to S. Y. Smith and J. H. Collett, reciting in the deed that "the aforesaid tract being the lands set apart to me by the county court of Polk county on the partition of my father's, the said I. T. Patrick's, estate." This deed was recorded same day. Appellant claimed through mesne conveyance from Collett and Smith, representing that appellee claimed and asserted some kind of pretended sheriff's deeds, made under dormant judgments against James N. and Tyler Patrick, which sales were made in 1874, and that these pretended deeds constituted clouds upon their titles, and asked that the same be set aside and removed, etc.

Appellee answered by general denial, and not guilty.

The cause was tried before the court April 11, 1877, and resulted in a judgment for the appellee that he go hence, etc., from which this appeal was taken.

The errors relied on were: *First.* Admission of testimony over objection of appellants. *Second.* Finding of the court was not supported by the evidence.

The judgments under which appellee claimed were rendered in the county court of Polk county against James N. and Tyler Patrick in 1868 and 1869; the district court judgment mentioned was not set out in or shown by the record.

*James E. Hill* and *Tom Moore,* for appellants.

*Davis & Sayles,* for appellee.

I. A party must recover, if at all, upon the case alleged and proved. Plaintiffs alleged absolute (fee simple) title in the whole of the lands, but failed to prove title in them or even a tenant in common. Carter *v.* Wallace, 2 Tex., 206; Hall *v.* Jackson, 3 Tex., 305; id., 487, 490; Holman *v.* Connell, 13 Tex., 42; Rives *v.* Foot, 11 Tex., 662; id., 24; Malone *v.* Craig, 22 Tex., 609; Seeligson *v.* Hobby, 51 Tex., 147; Evans *v.* Oakly, 2 Tex., 182; id., 240; 17 Tex., 131; Thomas *v.* Spelton, 10 Yerg. (Tenn.), 385; Menard *v.* Sydnor, 29 Tex., 257; 28 id., 219; 15 id., 159; Williams *v.* Chandler, 25 Tex., 4.

II. If it be said that plaintiffs showed themselves to be tenants in common with defendant, then, there being no evidence of possession or actual ouster, the plaintiffs could not recover in this action anything whatever against the defendant. Freeman on Co-tenancy, §§ 299–302, and authorities therein cited; Tyler on Eject., 199, 200, and authorities under first proposition.

III. On a trial by the judge, the same rule applies to his findings as to the verdict of a jury, and unless the judgment amounts to an absolute denial of justice, it

should stand.  King v. Bremond, 25 Tex., 637; 26 Tex., 488; 17 Tex., 4; 18 Tex., 811; Jordan v. Smith, 51 Tex., 276; 50 Tex., 329; Baldridge v. Scott, 48 Tex., 178; 13 Tex., 337; 41 Tex., 283; Batson v. Mills, Dallam, 364.

IV.  As to the execution sales, none but a party to the writ could object to the sale, even if it be admitted that the judgments were dormant; and upon the whole record it does not appear otherwise that injustice has been done to any one.  We respectfully submit that this court should affirm the same.  22 Tex., 707; Pridgen v. Atkins, 25 Tex., 388; 51 Tex., 276; 28 Tex., 649; 46 Tex., 162; 43 Tex., 124.

WATTS, J. COM. APP.— Upon the trial of the cause in the court below, appellee, as a witness for himself, testified, over the objections of appellant, that he "had been and was the attorney of the estate of I. T. and J. J. Patrick; the estates are not closed; should be in administration in this (San Jacinto county).  From strict examination I know the records of Polk county and San Jacinto county do not disclose that said estate has ever been distributed and closed."

That the contents of judicial records, unless lost or destroyed, cannot be proven by parol evidence, is an elementary principle in the law of evidence.

Whether administration was still open and pending upon the estate of I. T. and J. J. Patrick or not, at the time of the institution of this suit, could only be determined by the production of the original papers and orders of the probate court, or certified or examined copies thereof.

The admission of the evidence objected to was clearly in violation of the rule which requires the production of "the best evidence of which the case, in its nature, is susceptible."  Bass v. Mitchell, 22 Tex., 293; Stafford v.

King, 30 Tex., 276; Houze v. Houze, 16 Tex., 601; Cotton v. Campbell, 3 Tex., 493.

Another rule of equal importance to that mentioned above is, that the witness should not be permitted to testify as to conclusions, but he must state the facts; and the court or jury are to draw the conclusions.  The witness does not undertake to state the facts disclosed by the records about which he is testifying, but, as a conclusion, he states that these records do not show that the estate is closed.  If the records, or copies thereof, were produced in court, it might be a most difficult matter to conclude therefrom whether the estate is still in course of administration, or whether that administration has been virtually closed, either by formal order or otherwise.  But however this may be, the court and jury, and not the witnesses, are to deduce the conclusion from the facts in evidence before them.

It may be assumed that the admission of this illegal evidence injuriously affected the rights of the appellants, as it cannot be perceived that the court proceeded upon any other ground in finding entirely against them.

If, as a matter of fact, James N. Patrick failed to comply with the order of the probate court granting his application to purchase the land, in this, that he neither paid the money nor executed his obligations as required by law, then he acquired no title by reason of that order. An examination of the statute under which it was made shows that, as a condition precedent to the vesting title thereunder, the money must have been paid or the obligations contemplated executed.  Pasch. Dig., art. 1360. Aside from the statute, the language of the decree under which appellants claim is, "the title to which, of said estate, is hereby adjudged to vest in him fully and absolutely upon his executing the obligations as aforesaid."

If, as stated by one of the witnesses, Patrick failed to

execute the obligations, and on that account the whole proceeding "fell through," the appellants could not have acquired any title to the land by virtue of this conditional order, that in fact never went into effect or had any legal force.

James N. Patrick was, however, an heir of the estate, and whatever interest he had in the land passed by reason of his conveyance to Collett and Smith, subject to administration and payment of the debts of the estate.

The judgments (or at least one of them) under which the appellee claims title to the land were not dormant; execution was issued on them within twelve months after the rendition thereof. But as a lapse of about four years is shown between issuance of executions upon the same, it is clear that the judgments did not constitute a lien upon the land in controversy. There is nothing in the facts and circumstances of this case that would exempt it in this respect from the established rule. Bassett *v.* Proetzel, 53 Tex., 569; Hamilton *v.* Wheeler, decided at the present term. It therefore follows, that unless administration was pending on the estate of I. T. and J. J. Patrick at the time this suit was instituted, appellants should have recovered the interest that was conveyed by the deed of James N. Patrick to Collett and Smith and mesne conveyances to appellants.

Appellants, having sued for the whole land, could have recovered even an undivided interest. Hutcheson *v.* Bacon, 46 Tex., 414.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.