AFFIRMED.

[Opinion approved April 10, 1883.]

ED. SOWERS v. CHARLES PETERSON.

(Case No. 4729.)

1. ACKNOWLEDGMENT OF DEED.— Under the act of May 12, 1846 (Hart. Dig., art. 2793), the certificate of acknowledgment of the clerk to a deed reciting that the grantor, naming him, "who was made known and acknowledged the execution, signing and delivering" the deed, if formal in other respects, was sufficient to admit the deed to record, though the proof of the identity of the grantor was not indorsed thereon.   Monroe *v.* Arledge, 23 Tex., 479; Watkins *v.* Hall, 57 Tex., 3, and Mullins. *v.* Weaver, 57 Tex., 6, followed.

2. EVIDENCE — PRACTICE.— When the certificate of acknowledgment to a deed is illegible, and a certified copy is exhibited which shows that it had once existed, formal and perfect, the proper practice is not to read the copy, but the original as a recorded instrument.

3. AUTHENTICATION.— Under the registration act of May 12, 1846, the fact that a subscribing witness who proved up a deed for record stated that he signed the deed at the request of ———, without alleging that it was the grantor who asked him, was immaterial, when, in the same connection, he stated under oath, on the day when the instrument was made, that the grantor did in fact acknowledge on that day that he executed the deed for the purposes and considerations therein expressed. Deen v. Wills, 21 Tex., 644, followed.

4. REGISTRATION.— Under the present registration law, a stricter rule of construction will be observed than that applicable to the law of 1846.

5. TENANT IN COMMON.— A tenant in common, not being in actual exclusive possession of land, who sets forth in his petition the extent of his interest, may in trespass to try title recover, as against a naked trespasser, the entire property. Read v. Allen, 56 Tex., 176, and other cases, cited and followed.

6. REVISED STATUTES.— See opinion for a specification of the changes effected in the statute in regard to actions of trespass to try title.

ERROR from Dallas. Tried below before the Hon. George N. Aldredge.

*Payne & Payne*, for plaintiff in error, cited on their objections to the deed, art. 5010, sec. 11, Pasch. Dig.; art. 225; Crayton v. Munger, 11 Tex., 234; Butler v. Dunagan, 19 Tex., 566; art. 5008, sec. 8, Pasch. Dig.; arts. 838–9.

On alleged error in rendering judgment for the entire property, art. 225; Crayton v. Munger, 11 Tex., 234; Butler v. Dunagan, 19 Tex., 566.

*Sawnie Robertson*, for defendant in error.

WEST, ASSOCIATE JUSTICE.— It is assigned as error that the court permitted the deed to the land in suit from Henry Akin to J. L. Given, dated the 11th day of July, 1863, to be read in evidence, notwithstanding the objections of appellant. The deed had been filed, and notice given under the statute. The objection raised was that it had not been duly acknowledged and authenticated for registration. The alleged defect consisted in the fact that the certificate of the officer showed on its face that the grantor had been made known to him, but that the officer failed to indorse on the deed, as he should have done, the proof by which he was made known to him, and by which his identity was established to his satisfaction. Hart. Dig., art. 2793; vol. 1, Pasch. Dig., art. 5010.

Section 10 of the act of the 12th of May, 1846 (Hart. Dig., art.

2793), provides in cases where the grantor, who appears before the officer for the purpose of making the acknowledgment necessary to allow the deed to be recorded, is unknown to the officer, that he may require proof of his identity with the grantor named in the deed, the execution of which he desires to acknowledge. This proof can be made by the affidavit of the grantor himself, or by witnesses who can identify him. The statute requires the proof of identification to be indorsed on the instrument. The objection is that in this case the grantor was unknown, and, though made known to the officer, the proof of his identity was not indorsed by the officer on the deed as required by statute.

It is not clear from the certificate of the officer that the grantor, Akin, was in fact entirely unknown to him. He does not expressly say so in his certificate. In the deed, which is signed by himself and his wife, Elvira, he is described as a resident of Dallas county, where the deed was made. The grantee is also described as a citizen of the same county. It appears to have been an ordinary sale of a small tract of little value, between the parties, all citizens of the same county. The clerk in his certificate states that the grantor appeared before him in person, and states that he was made known to him; where, and by what means, or on what occasion, he does not state. Such a statement does not necessarily imply that the grantor was entirely unknown to him, or was an utter stranger whom he had never seen before. But assuming that it was the fact that the grantor was, up to the date of the acknowledgment, entirely unknown to the officer, yet it is evident that by some means, and we must presume they were proper and lawful, the officer took the necessary steps to identify the grantor before taking his acknowledgment, and did identify him. The mere fact that he failed to indorse the proof of identity, after he had obtained it, on the deed, would not vitiate the record, if the proof of identity was in fact made, and the acknowledgment, as required by the statute, taken.

The statute, it is true, makes it the duty of the officer, in such cases, to indorse the proof of identity on the deed, and he should always do so, but it does not prescribe that, without this indorsement, the deed shall not be admitted to record. Hart. Dig., 2790; Pasch. Dig., 5007. All that is necessary to admit the deed to record, when the acknowledgment is made, as in this case, by the grantor, is for him to appear before the proper officer and solemnly state that he executed the deed for the consideration and purposes therein stated. When the deed is thus acknowledged, it becomes

the bounden duty of the proper officer to record it. Hart. Dig., art. 2787; 1 vol. Pasch. Dig., art. 5004. This he must do whether the affidavit of identity, which ought on such occasions to be attached, is so attached or not.

In construing this statute, this court, in Monroe *v.* Arledge, 23 Tex., 479, held that a strict and technical compliance with the letter of the statute was not necessary. All that was required, to admit the instrument to record, was a substantial compliance with the requirements of the act. In the case above cited, the court held that an acknowledgment that omitted to state that it was executed for "the consideration" stated in the deed was good. So, no doubt, an acknowledgment under this act (1846) would be good, which omitted the word "purposes" from the acknowledgment, or that omitted both the words "consideration and purposes."

We think that under the act of 12th of May, 1846, under which the acknowledgment in question was taken, that it must be held to be a substantial compliance with the statute. Watkins *v.* Hall, 57 Tex., 3; Mullins *v.* Weaver, 57 Tex., 6. The evidence, also, in the further progress of the trial, disclosed the fact that both parties held under the grantor, Akin, and derived their title from him as a common source. . The deed was properly admitted in evidence.

· The second bill of exceptions calls in question the correctness of the ruling of the court in admitting in evidence the certified copy of the deed to the land in suit from C. A. Fulton to Reuben S. Ross, dated the 18th day of March, 1873.

The court excluded the original deed, which had been registered, because the certificate of acknowledgment was mutilated, and the concluding part of it, including the seal and the signature of the officer taking it, had been torn off or had been lost. Immediately afterwards he admitted in evidence the certified copy of the deed above referred to. The court, upon the production of the certified copy of the deed, which showed that the certificate of acknowledgment had been in fact complete and perfect, should thereupon have allowed the original deed to have been read in evidence as a recorded instrument, instead of allowing the copy of it to be used.

As the case, however, was tried by the court without a jury, and as both the original and certified copy were before the court and are both of them here in the record, we regard this error as immaterial, and in no way prejudicial to the rights of the plaintiff in error. There was no doubt, and the record discloses the fact, that the deed was properly acknowledged and recorded.

The action of the court in admitting in evidence the original deed

to the land in suit, from George Bernard to the defendant in error and one Blaffer, dated the 1st day of July, 1873, is also assigned as error. The objection raised was that the subscribing witness, who proved up the deed for record, simply states that he signed as a witness at the request of ———, and does not disclose that it was the grantor who made the request. It is suggested that the witness may be a mere volunteer, or sign the deed at the request of a stranger.

The objection is not well taken. It is very likely that the clerk, by mistake in writing his certificate, omitted to insert the name of the grantor as the person making the request. The name of the witness appears as one of the subscribing witnesses to the deed, and he states on oath before the clerk, on the same day on which the instrument was made, that the grantor did in fact acknowledge on that day, in his presence, that he executed the deed for the purposes and consideration therein stated. Dorn v. Best, 15 Tex., 15. In this case Judge Lipscomb says: "If a strict compliance with the letter of the law was exacted, I have no doubt that it would destroy and invalidate thousands of records long since made and believed to have been in accordance with law."

Under all the circumstances of this case, we are of opinion that the acknowledgment under the act of 1846 was sufficient, and that the court did not err in admitting the deed in evidence. It has been so held by this court in Deen v. Willis, 21 Tex., 644, 645.

To all these deeds the registration act of May 12, 1846, is alone applicable. R. S., art. 4351.

The present registration law differs materially from all former laws on the subject. It is more rigorous in its requirements, and greater care and accuracy in taking the acknowledgments of deeds are now required than formerly. A stricter rule of construction may, therefore, properly be applied to them than would be to deeds executed and recorded under former laws.

The last error assigned is that the court erred in rendering judgment in favor of the defendant in error for the eighty (80) acre tract of land described in his petition, when he only claimed an undivided half interest in said tract. The defendant in error, in accordance with the Revised Statutes (his amended petition being filed subsequent to their adoption), set forth his interest in the land in suit, as an undivided one-half interest therein.

The evidence shows the title to the other half interest was in his tenant in common, one Blaffer, whose right by this averment he expressly recognizes as equal to his own. The court rendered judg-

ment in his favor, putting him in possession of the whole eighty acres.

There is no evidence in the record that the plaintiff in error or any one else was in the actual possession of the land sued for, or that there are any improvements on it. The court has frequently held that one tenant in common may recover the entire premises as against a wrong-doer. We do not understand the Revised Statutes, by requiring, in an action of this kind, that the claimant of an undivided interest should state what that interest is, and the amount of it, to have established any different rule.

The most marked changes made on this subject by the Revised Statutes are these:

1. The provisions for a second suit by the plaintiff (Pasch. Dig., arts. 5298, 5299) are abolished, and the plaintiff and defendant are placed on the same footing, making the first judgment final, etc. Art. 4811, R. S.

2. Plaintiff may recover for use and occupation, and for damages where the right of action to recover such rents and damages accrued within two years prior to the suit.

3. The provisions relating to the payment of taxes, and the proof thereof (art. 5306, Pasch. Dig.), are abolished, as the question of payment and collection of taxes should be left alone to the tax laws of the state.

4. The assessment of the value of the use and occupation is required to be exclusive of the improvements made by the defendant. Art. 4814, R. S.

5. The articles authorizing either party to require the other to file an abstract of the title relied upon are supplied. Report of Com. Rev. Stat., p. 32.

There are also to be found a few other verbal alterations, not important enough to require notice. See, also, Thompson v. Comstock, decided at this term.

The rule as to the right of one tenant in common to recover the whole tract has been announced in the following cases: Hutchins v. Bacon, 46 Tex., 414; Croft v. Rains, 10 Tex., 523; Watrous v. McGrew, 16 Tex., 510; Grassmeyer v. Beeson, 18 Tex., 763; Read v. Allen, 56 Tex., 176.

In Stovall v. Carmichael, 52 Tex., 384, the case of Presley v. Holmes, 33 Tex., 478, is also referred to as announcing the same rule. See, also, 4 Kent's Com., pp. 366–370.

We have deemed it necessary to refer to these authorities because it has been supposed by some that in the case of Stovall v. Carmi-

chael, 52 Tex., 384, above cited, it had been held that on this ques-
tion a different rule would prevail since the adoption of the Revised
Statutes.

A careful reading of that case will show that no such point was
decided or intended to be decided in it.

There is no error in the judgment, and it is affirmed.

                                                        AFFIRMED.

[Opinion delivered April 13, 1883.]