### JOSEPH SCHMIDT v. J. H. TALBERT, ADMINISTRATOR.

#### No. 2460.

**1. Trespass to Try Title.**—Plaintiff in trespass to try title alleged ownership of the south end of the south half of 640 acres of land described. It was error to exclude from the jury his deed which described his land as the undivided half interest in the south half of the section.

2.   **Practice.**—When in trespass to try title the defendant sets up title in himself and prays for judgment removing cloud from title, the plaintiff can not dismiss his suit if objection thereto be interposed by the defendant.

APPEAL from Wilbarger.   Tried below before Hon. B. E. Williams. The opinion states the case.

*N. P. Jackson* and *Beckett,* for appellant.

*H. C. Thompson* and *H. P. McGee,* for appellee.

ACKER, PRESIDING JUDGE.—Appellant brought this suit in trespass to try title, and described the land sued for as follows:   One hundred and ninety acres off of the south end of the south half of section No. 20.   The defendant answered setting up title in the estate of his intestate, and alleged that plaintiff's claim was a cloud thereon, and prayed for removal of the cloud.   On the trial the plaintiff offered in evidence a deed describing the land as an undivided half interest in the south half of the section.

The defendant objected to the introduction of the deed upon the ground that it purported to convey an undivided half interest in the south half of the section instead of one hundred and ninety acres off of the south end of the south half of the section, as described in the petition.

The objection was sustained, and this ruling is assigned as error.

We think the deed should have been admitted over the objection urged against it.   Being sufficient in other respects the description would have sustained plaintiff's claim to the extent of an undivided half interest in the land described in his petition.   Rev. Stats., art. 4806; Hutchins v. Bacon, 46 Texas, 414; Williams v. Davis, 56 Texas, 255.

On the exclusion of the deed plaintiff asked leave to withdraw his announcement, which was granted.   He then asked that the suit be dismissed, which was refused on the ground that defendant's answer was in the nature of a plea in reconvention upon which he was entitled to a trial.

It was contended that the court erred in this ruling, but we do not think so.

The answer was a plea in reconvention, by which affirmative relief was sought.   The plaintiff could not deprive the defendant of a trial of the case made by the answer by taking a nonsuit.   Egery v. Power, 5 Texas, 501.

Other questions raised are immaterial and will not be discussed.

For the error in excluding the deed we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 25, 1889.