## BENJAMIN MURRELL ET AL. V. GEORGE A. WRIGHT.
### No. 3059.

1. **Venue—Suits for Land—Partition.**—The venue in a suit for the recovery of land or for partition of land lies where the land is situated. This rule applies where two tracts are involved and one lies partly outside the county where suit is brought.

2. **Trespass to Try Title by Part Owner.**—Both before and since the adoption of the Revised Statutes it has been held that a plaintiff who alleged he was the sole owner of the land sued for could recover an undivided interest.

3. **Same—Judgment.**—Where a plaintiff establishes title to an undivided interest in the land sued for, if the defendant is a naked trespasser the judgment should award possession to plaintiff. If defendant does not appear to be a trespasser, then the judgment should admit plaintiff to possession to the extent of his interest.

4. **Suit for Several Tracts of Land.**—Where the entire controversy grows out of the same transaction and depends upon the same evidence two or more tracts may be included in the same action of trespass to try title.

5. **Contract by Independent Executor for Location of Land.**—An independent executor has the power to contract with a land locator for the location of a certificate owned by the estate for a share in the land secured by such location.

6. **Same—Parol Contract.**—An independent executor making a parol contract for the location of a land certificate belonging to the estate binds the heirs upon the locator complying with such contract.

7. **Tender of Land Office Fees.**—The tender of the office fees at the Land Office by the locator, followed with a tender upon suit for his part of the land, is a substantial compliance with his contract to pay such office fees.

APPEAL from Henderson. Tried below before Hon. F. A. Williams. The opinion contains a statement.

*Greenwood & Greenwood*, for appellants.— 1. The court erred in overruling the plea of privilege of appellants to be sued in Limestone County and the objections to being sued in this case in Henderson County, because the proof showed the appellee's cause of action was a parol contract

to pay him a part of the land sued for, for certain services and money alleged to have been paid and rendered to Wilson Lumpkin, executor of John Murchison; and the basis of the action was an executory contract and the suit one for specific performance of parol contract to convey lands, and appellee calling it trespass to try title could not make the appellant answer in said court. Rev. Stats., art. 1556, subdiv. 2; Morris v. Runnels, 12 Texas, 175; Hearst v. Kuykendall, 16 Texas, 327; Miller v. Rusk, 17 Texas, 170; Mixan v. Grove, 59 Texas, 573; Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 122; Roan v. Raymond, 15 Texas, 78; Cristie v. Gunter, 26 Texas, 700; Neill v. Owen, 3 Texas, 145.

2. The court erred in overruling the objections of defendants E. B. Smyth and B. F. Murrell to the testimony of Geo. A. Wright and John Y. Gooch, offered to prove a parol contract with Wilson Lumpkin to convey to Wright a locative interest in the land sued for, because the plaintiff brought trespass to try title and for damages, and averred in his petition that he was owner in fee simple of the land sued for, and could not legally offer proof of a less estate over objections of defendants. Rev. Stats., arts. 4786, 4796, 4797, 4798; Greenl. on Ev., par. 50; Rivers v. Foote, 11 Texas, 663.

3. The court erred in overruling the second special exception to plaintiff's petition, said exception being based upon the ground that plaintiff in trespass to try title had misjoined two distinct and different causes of action in embracing two distinct and different tracts of land, situated remotely from each other and not adjoining, in one action. It is submitted as an elementary principle, supported by the experience and observation of all mankind since the creation of the earth and the heavenly bodies down to the glorious present, that two bodies of matter can not occupy the same space at the same time. Overseers v. Otis, 20 Pick., 38.

4. An executor of a will, acting under a will of defined and limited powers, cannot exercise a power not specifically delegated in the will. Blanton v. Mayes, 58 Texas, 422; Lewis v. Nichols, 38 Texas, 54; Box v. Word, 65 Texas, 159; Sypert v. McCowen, 28 Texas, 641; Grimes v. Smith, 70 Texas, 221; Langley v. Harris, 23 Texas, 568, 569; Tippett v. Mize, 30 Texas, 365, 366; Reese v. Medlock, 27 Texas, 120; Merriman v. Fulton, 29 Texas, 98; Brush v. Ware, 15 Pet., 93.

5. If the executor of John Murchison, as such executor, had the power to make an executory contract with Wright to acquire land from the government, and to bind himself in such partnership to acquire land under the will of John Murchison, he could do this only by a contract in writing, duly signed by him. Sayles' Civ. Stats., art. 2462; May v. Rice, 101 U. S., 231.

6. Before the said Wright could recover in this action, it devolved upon him to show that he had performed his part of the contract as specified above. 2 Story's Eq. Jur., sec. 736; Hyde v. Booraem, 16 Pet., 169.

*Gregg & Reeves,* for appellee.—1. A parol contract to locate a land certificate in consideration of a part of the land to be patented is not one for the sale and purchase of land, but is one for the joint acquisition of land, and such locator, after performance of his part, may sue in trespass to try title for the recovery of his interest in the land. Doss v. Slaughter, 53 Texas, 235.

2. Suit may be brought in the county of the residence of any one of several defendants.

3. In a suit to recover in trespass to try title to the whole of a tract of land plaintiff may recover any part of it.

4. Two or more tracts of land claimed under same right may be recovered in one suit.

5. An independent executor, under a will which devises all the real estate of the decedent, makes bequests in money, and authorizes the executor to pay debts and sell at private or public sale the personal property, or such part as he deems best, and to provide the guardian of his children with means of support, etc., has power to secure the location of a land certificate belonging to decedent's estate by a contract which gives the locator a one-half interest in the land to be patented, especially so when it appears its location could not be secured for less, and the certificate lacks but a short time of being barred.

HENRY, Associate Justice.—This suit was brought by George A. Wright against Benjamin Murrell, Walter Murrell, E. B. Smyth, C. T. Scott, and H. M. Morrison to try the title to and partition two separate tracts of land, one lying in Henderson County and the other partly in Henderson and partly in Anderson County. The Murrells were alleged to be minors, and Smyth was sued as the guardian of their estates.

Morrison was sued as the administrator of the estate of N. P. Coleman, deceased, who was alleged to have been a partner with defendant Scott under the firm name of C. T. Scott & Co.

The defendants Murrell and Smyth were alleged to reside in Limestone County, and Scott and Morrison in Henderson County, Texas.

The plaintiff's petition was in the form of an action of trespass to try title. C. T. Scott, as surviving partner of C. T. Scott & Co., answered, alleging that they owned a specified portion of the land in controversy, which they described.

For Murrell and Smyth numerous defenses were pleaded, to some of which exceptions were sustained. They also filed and insisted upon some exceptions to plaintiff's petition.

Such as we are asked to revise are stated in the assignment of errors. Appellants' first assignment of error is:

"The court erred in overruling the plea of privilege of appellants to be sued in Limestone County, and their objections to being sued in this case

in Henderson County, because the proof showed the appellee's cause of action was a parol contract to pay him a part of the land sued for for certain services and money alleged to have been paid and rendered to Wilson Lumpkin, executor of John Murchison; and the basis of the action was an executory contract and the suit one for specific performance of parol contract to convey lands; and appellee calling it trespass to try title could not make the appellant answer in said court."

The evidence disclosed that John Murchison died leaving an independent will, which was duly probated, making Wilson Lumpkin his executor. Lumpkin accepted the trust and duly qualified.

The will authorized the executor to sell at private or public sale the testator's personal property or such part thereof as he might deem best, and from the proceeds and from the money and assets on hand to pay taxes, debts, if any, and supply the guardian of the testator's children with the means of supporting and educating them.

The estate owned an unlocated land certificate. The judge of the District Court before whom the case was tried without a jury stated his conclusions of fact in the following language:

"Plaintiff and Wilson Lumpkin, independent executor of the will of John Murchison, deceased, made a contract by which plaintiff was to locate the certificate and to pay all expenses of procuring the unlocated balance of the certificate from the Land Office, and the Land Office fees and expenses of locating the certificate and securing a patent for the land.

"Plaintiff by the contract was to receive one-half of the land for these services.

"The certificate would have been barred in thirty or forty days from the time when the contract was made.

"Before he made the contract Lumpkin inquired of a competent and experienced surveyor whether the location could be made for less than plaintiff demanded and was informed that it could not be.

"Plaintiff performed his part of the contract and secured the location of the certificate and the issuance of a patent for one tract, and did all that was essential to procure the issuance of a patent for the other one except the payment of the Land Office fees.

"In 1888 plaintiff, having in the Land Office money sufficient to pay said fees, demanded a patent for the larger tract. The Commissioner refused to issue it to him on the ground alone that some person, assuming to act for defendants, had forbidden its issuance to him. The representatives of Benjamin Murrell applied for and received the patent and paid the fees, amounting to $21.44.

"Plaintiff on learning this tendered the amount paid to the representatives who paid it before this suit was brought. They declined to receive it.

"On the trial plaintiff tendered to counsel for defendants the amount, and they refusing to receive it, the money was deposited with the clerk.

"C. T. Scott and N. P. Coleman bought the land claimed in their answer from Benjamin Murrell prior to this suit—there having been partition between Benjamin and Walter Murrell—without notice of plaintiff's claim, and paid therefor a valuable consideration.

"Benjamin and Walter Murrell are the only living descendants of John Murchison, and are the owners of his estate."

There was no error in overruling the plea of defendants claiming the privilege of being sued in the county of their residence. Both as a suit for the recovery of land and for partition the suit was properly brought in Henderson County, where one tract wholly and the other one partly lies.

Appellant contends "that the court erred in overruling the objections of defendants E. B. Smyth and B. F. Murrell to the testimony offered to prove a parol contract with Wilson Lumpkin to convey to Wright a locative interest in the land sued for, because the plaintiff brought trespass to try title and for damages, and averred in his petition that he was owner in fee simple of the land sued for, and he could not legally offer proof of a less estate over objections of defendants."

Both before and since the adoption of the Revised Statutes it has been held by this court that a plaintiff who alleged that he was the sole owner of the land sued for could recover an undivided interest. Hutchins v. Bacon, 46 Texas, 414; Sowers v. Peterson, 59 Texas, 221; Pilcher v. Kirk, 60 Texas, 162; Ryan v. Porter, 61 Texas, 106; Williams & Guyon v. Davis, 56 Texas, 250; Schmidt v. Talbert, 74 Texas, 451.

If in such a case the plaintiff proves that he owns only an undivided interest, and the defendant appears to be a naked trespasser, the plaintiff should be awarded a writ of possession for the entire premises.

If the defendant does not appear to be a trespasser, the judgment should place the plaintiff in possession to the extent of his interest.

If plaintiff prays for partition, and it appears that all of the parties interested in the title are before the court, partition between them should be decreed.

The court overruled an exception to the petition made on the ground that two separate and distinct tracts of land can not be sued for in one action of trespass to try title. When, as in this case, the entire controversy grows out of the same transaction and depends upon the same evidence, there can be no good objection to such joinder. The petition does not show on its face any reason why the two tracts may not be included in the same suit. The exception was therefore properly overruled.

Appellant complains of the action of the court in excluding from the consideration of the jury a decree of partition rendered by the District Court of Anderson County in a suit between the same parties, which he admits did not include the land in controversy, but in which he contends it could properly have been included.

The land now in controversy not having been included in the former

suit, it would have been improper to permit the introduction of the evidence. Neither party lost any interest or remedy by the omission to include the land in the other suit, however proper it may have been to do so.

It was the duty of the executor of the will of John Murchison to preserve the property of the estate, and his power given by the will was ample to sell property belonging to it to procure the means of defraying expenses incurred for that purpose. It was necessary, in order to avoid the loss of its value to the estate, for the land certificate to be either sold or located. There is nothing in the record before us to indicate that its location was not the proper disposition to be made of it.

If the executor could not procure its location except by giving an interest in the land located, or if he did not have in his hands money to pay for its location and it thereby became necessary for him to sell property for that purpose, we can see no substantial difference between his power to sell the certificate and use the proceeds and his power to use a part of the certificate itself. If any loss was occasioned to the estate by reason of his want of care or good faith and diligence, he was liable to be held accountable, in a proper proceeding, to those who were interested in the estate. We find nothing in the record to lead us to conclude that he either wanted the power or was lacking in diligence in making the contract for the location of the certificate.

The failure of appellee, under the circumstances shown by the evidence, to pay the government dues on the land to the Commissioner of the Land Office was properly held to be no bar to his recovery. The tender of the amount made by him was all that could be required of him in that respect.

We think that the conclusion of the court with regard to the making of the parol contract between plaintiff and the executor is sustained by the evidence. The evidence shows that in the partition of the estate of W. D. E. Murchison it was only the interest of his estate in the certificate that was partitioned, and that the interest now in controversy was not included.

We deem it improper to consider an assignment of error relating to the division directed to be made between the two Murrells, as neither of them complained of it.

The judgment is affirmed.

*Affirmed.*

Delivered November 18, 1890.