### HOLLOWAY et al. v. HALL et al.

(Court of Civil Appeals of Texas. March 18, 1911. Rehearing Denied April 13, 1911.)

1. TRESPASS TO TRY TITLE (§ 47*)—TITLE OF PLAINTIFF—UNDIVIDED INTEREST—RIGHT TO RECOVER.

Under Rev. St. 1895, art. 5270, providing that where defendant, in trespass to try title, claims the whole premises, plaintiff, showing himself entitled to recover part, shall recover such part, a plaintiff, in an action for the whole of a specified tract, who shows himself entitled to an undivided interest, can recover it.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 69; Dec. Dig. § 47.*]

2. JUDGMENT (§ 747*)—RES JUDICATA.

A judgment for a party for an undivided three-eighths interest in an entire 160-acre survey does not estop the adverse party from suing in trespass to try title to recover title to 40 acres of the survey less the undivided three-eighths interest vested in the party by the judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 747.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by Mrs. C. L. Holloway and another against H. L. Hall and others. From a judgment in favor of certain of the defendants, plaintiffs appeal. Reversed and remanded.

Crow & Phillips, for appellants. Thomas & Harper, for appellees.

McMEANS, J. Suit of trespass to try title brought by Mrs. C. L. Holloway and her husband, R. R. Holloway, against H. L. Hall and Ed Kirkland and wife, Alta Kirkland, for the title and possession of 40

acres of land, part of the Sarah E. Hudson survey of 160 acres in Tyler county. Defendant Hall answered disclaiming any title ·or interest in the· land sued for, and the defendants Ed Kirkland and wife, Alta Kirkland, answered by general denial and plea. of not guilty, and specially pleaded res adjudicata as to the land in controversy, setting up three several judgments rendered in cause No. 2,797, in the district court of Tyler county, by which they claimed that the title to the land in controversy was divested out of plaintiffs and vested in Mrs. Amanda Feagin, John M. Lee, and Robert Lee, their predecessors in title. The case was tried by the court without a jury and resulted in a judgment for defendants Ed Kirkland and Alta Kirkland for the land in suit, from which the plaintiffs prosecute this appeal.

Plaintiffs introduced in evidence deeds. showing a regular consecutive chain of transfers from the sovereignty of the soil down to plaintiff R. R. Holloway; one of the deeds being from W. R. Lee to E. P. Lee conveying 20 acres of the land in controversy, and another being from W. R. Lee to H. L. Hall conveying the other 20 acres of the 40 acres claimed by plaintiffs in this suit. It was shown that at the time W. R. Lee acquired the title to the land he was a married man, and that the land was community property; that before the sale to E. P. Lee and H. L. Hall his wife died, and her half interest had descended to and vested in her children, Mrs. Amanda Feagin, John M. Lee, and Robert Lee.

It appears that on June 11, 1904, Mrs. Amanda Feagin, joined by her husband, U. G. Feagin, and John M. Lee and Robert Lee, brought suit in the district court of Tyler county, cause No. 2,797, against H. L. Hall and R. R. Holloway to recover an undivided three-eighths interest in the Sarah E. Hudson survey of 160 acres. Holloway failing to answer, an interlocutory judgment was rendered against him in plaintiffs' favor for a "three-fourths undivided interest of a one-half undivided interest of the Hudson 160-acre survey," and afterwards, on January 26, 1905, upon a hearing upon the merits as between plaintiffs and Hall, the latter recovered judgment for all the Hudson except the 40 acres involved in the present suit, and final judgment was rendered in his favor therefor. This judgment awarded to plaintiffs as against appellant R. R. Holloway "an undivided interest of 60 acres; it being a three-fourths undivided interest of a one-half undivided interest of the S. E. Hudson tract first above described and also described in said interlocutory judgment, * * *" which is "in all things adopted and made a part hereof." On August 17, 1908, R. R. Holloway filed a motion in cause No. 2,797 to correct and reform the judgment next above referred to, setting up that, "owing to certain vague, verbose, contradictory, and conflicting expressions in said judgment, the plaintiffs were claiming right to possession as against him of a specific 40-acre tract of the land, the land now in controversy, being all the land the said defendant R. R. Holloway claimed on said Hudson survey." To this motion the court sustained a general demurrer.

It was shown by defendants that subsequently to the rendition of the judgments above referred to John M. Lee and Robert Lee conveyed to U. G. Feagin their undivided interest in the Hudson survey, and that said Feagin, joined by his wife, Amanda, conveyed the land in controversy to defendant Ed Kirkland.

Appellants' assignments of error 1 to 16, inclusive, are addressed to the action of the court in admitting in evidence, over appellants' objection, the three judgments herein referred to. We think there is no merit in any of the assignments, and they are severally overruled without further comment.

Among other of the court's findings of fact is the following: "I find that the plaintiffs sue for a specific 40 acres described by metes and bounds, and not for an undivided interest in the 40 acres, or in the Hudson survey; that said 40 acres are described by metes and bounds; also, that plaintiffs sue for such 40 acres not as tenants or as joint tenants in common with the defendants, but sue in the form of trespass to try title to a specific 40 acres."

The second and fourth paragraphs of the court's conclusions of law are as follows:

"(2) The judgments aforesaid in cause No. 2,797 against R. R. Holloway in favor of the defendant Ed Kirkland's grantors is res adjudicata as to Ed Kirkland's right against R. R. Holloway and wife to the whole of the 40 acres sued for, the plaintiffs R. R. Holloway and wife not having pleaded and proven themselves entitled to joint possession with Ed Kirkland, but sue for the specific 40 acres described by metes and bounds in plaintiffs' petition in trespass to try title, the defendant Ed Kirkland showing himself in rightful possession thereof, at least to an undivided interest, and is not a mere trespasser. And under the judgment aforesaid he had the right to exclusive possession thereto as against plaintiffs R. R. Holloway and wife."

"(4) The plaintiffs are estopped by said judgments in cause No. 2,797 to assert rights of title and possession against defendants Ed Kirkland and wife under the pleadings in this case."

These conclusions are attacked by appellants by appropriate ·assignments of error, and we think the assignments must be sustained. [1] It is patent that the court entertained the view that plaintiffs, having sued in trespass to try title for the whole

of a specific tract of land, must show themselves entitled to recover the whole of the tract, and, failing in this, cannot recover an undivided interest, although the evidence might show that they were entitled thereto. To show that this view is erroneous, it is only necessary to refer to article 5270, Rev. St. 1895, and Murrell v. Wright, 78 Tex. 523, 15 S. W. 156; Schmidt v. Talbot, 74 Tex. 451, 12 S. W. 284; Williams v. Davis, 56 Tex. 254; ·Hutchins v. Bacon, 46 Tex. 414.

[2] Nor do we think that the plaintiffs are estopped by the former adjudication in cause No. 2,797 from claiming an undivided interest in the 40 acres sued for. The judgment in that case in favor of defendants as against the appellants was for an undivided three-eighths interest equal to 60 acres in the entire 160-acre survey. In other words, the judgment vested in the plaintiffs in that suit as against the defendants, plaintiffs here, an undivided three-eighths interest in every acre of the 160-acre survey, and by. no sort of construction can it be held to have vested in the plaintiffs there the title to the whole of any specific tract. Appellants have shown in themselves title to the 40 acres in question less the undivided three-eighths interest vested in appellees by the judgment in cause No. 2,797. It is therefore ordered that the judgment of the court below be reversed, and the cause remanded, with instructions to trial court to render judgment for plaintiffs for an undivided five-eighths interest in the land in controversy, and that he cause partition thereof to be made between the parties in the manner provided by law.

Reversed and remanded, with instructions.