**Steve DE LEON, Appellant,**

v.

**Paul T. HOLT, Appellee.**

**No. 10644.**

Court of Civil Appeals of Texas.

Austin.

March 25, 1959.

Looney & Flanagan, Austin, for appellant.

Victor B. Rogers, Austin, for appellee.

GRAY, Justice.

This appeal is from a judgment dismissing appellant's suit with prejudice.

On March 20, 1958, appellant filed this suit against appellee in trespass to try title and for damages. He alleged that he was the owner of lands located in Travis County which lands were fully described with the further requisite allegations provided by Rule 783, Texas Rules of Civil Procedure. Appellee answered on March 26 and thereafter on May 12 filed his demand for an abstract of title. Notice of this demand was issued and was served on appellee's attorney by the Sheriff of Travis County on May 14, 1958 and an abstract of title was filed by appellant on June 3, 1958. On June 5 appellee filed his motion to dismiss appellant's cause of action "because of his failure to comply with Rule 792, Vernon's Annotated Texas Rules of Civil Procedure." By an order of the trial court this motion was set for hearing on June 10. On June 9 appellant filed his first amended original petition wherein he sued in trespass to try title and for damages and, in the alternative, he alleged that he and appellee each owned an undivided one half interest in the above mentioned lands and that it was susceptible of partition in kind. He prayed for judgment for title and possession of the lands and for damages. In the alternative he prayed for a partition of said lands. On June 10 appellee filed his motion to dismiss appellant's first amended original petition because it:

"* * * attempts to engraft upon this proceeding an entirely new and different cause of action while at the same time carrying over into this First Amended Original Petition in Paragraphs 2, 3 and 4 their cause of action herein originally asserted.

"Defendant would respectfully show the Court that by the attempt to engraft upon the Trespass to Try Title suit an entirely different cause of action, same is not provided for in our

jurisprudence in that Trespass to Try Title is a highly statutory proceeding originally carrying over from the common law and known as ejectment and is not susceptable of being tried with any other cause of action under our rules of jurisprudence."

On June 10, 1958, the trial court heard both motions to dismiss, supra. He first heard the motion to strike appellant's first amended original petition and

"* * * thereupon proceeded to strike the same from the further consideration of the cause, due to the wholly inconsistent theories therein pleaded by the Plaintiff.

"Thereupon the Court proceeded to a consideration of the Defendant, Paul T. Holt's motion that Plaintiff's cause of action be in all things dismissed with prejudice for the failure to comply with the Rules of Texas Civil Procedure, and, after due consideration thereof by the Court and the argument thereof presented by the attorneys, the Court is of the opinion that the Defendant is entitled to the relief prayed for, and it is, therefore

"Considered, ordered, adjudged, and decreed by the Court that Plaintiff's suit be and the same is hereby dismissed with prejudice, and that Plaintiff take nothing by this suit, * * *."

Appellant complains of the action of the trial court in sustaining each of the above motions.

The record before us contains an affidavit of the trial judge which in part is:

"* * * there came on to be heard two motions filed by the defendant in cause numbered 109,946, wherein Steve DeLeon is plaintiff and Paul T. Holt is defendant. The two motions heard were:

"(a) Defendant's motion to dismiss with prejudice.

"(b) Defendant's motion to strike the first amended original petition of plaintiff.

"No record of these proceedings was taken by the court reporter. Further, no evidence other than the papers filed in said cause was before me at said hearing."

Appellee's motion to dismiss appellant's cause of action asserts a failure to comply with Rule 792 which provides:

"Such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may grant; and, in default thereof, no evidence of the claim or title of such opposite party shall be given on trial."

The Sheriff's return on the notice of demand for an abstract of title shows that such notice was served on May 14, 1958, and the abstract of title was filed June 3, 1958, which was the twentieth day after the service of the notice and was within twenty days after such service. The rule in this State is that where an act is required to be done within a stated time the last day will not be excluded. Nunn v. New, 148 Tex. 443, 226 S.W.2d 116. Also the date of the act after which time begins to run is not to be counted. Rule 4, Texas Rules of Civil Procedure, as well as Rule 792 itself.

We hold that the abstract of title was filed within the twenty day period provided by Rule 792, supra, and since a failure to comply with the provisions of this rule is the only reason assigned for dismissing the cause we further hold that the trial court erred in dismissing appellant's cause of action. We express no opinion as to any further requirements of Rule 792 not herein stated.

Appellee's motion to strike appellant's first amended original petition complains that the amendment joins a new

and different cause of action with the action in trespass to try title and for damages, and the trial court's order striking the petition recites that it was "due to the wholly inconsistent theories therein pleaded by the plaintiff."

Rule 48, Texas Rules of Civil Procedure, provides that a party may alternatively plead two or more statements and also may state as many separate claims as he has regardless of inconsistency and whether based on legal or equitable grounds or both.

Appellant's allegation, in his suit in trespass to try title, that he was the owner in fee of the land sued for would not prevent his recovery of an undivided interest nor his right of partition. Murrell v. Wright, 78 Tex. 519, 15 S.W. 156; 41-A Tex.Jur. p. 614, Sec. 91; 1 Tex.Jur. p. 659, Sec. 44. The trial court was in error in striking appellant's first amended original petition.

Appellee has not favored us with a brief and we have based our decision on the recitals contained in the record before us.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.