### E. T. JETT v. W. B. HUNTER.

Decided May 20, 1908.

**1.—Trespass to Try Title—Co-tenant against Trespasser—Harmless Error.**

Plaintiff in trespass to try title having· shown that he had acquired the interests of some of those owning the land as tenants in common, and having recovered the whole against defendant, who was a mere trespasser, errors in admitting evidence to show that plaintiff had also acquired the interest of other co-tenants disclosed no ground for reversal on defendant's appeal.

**2.—Outstanding Title—Dedication as Public Street.**

Defendant in trespass to try title could not defeat recovery of part of the premises, on the ground of an outstanding title in the city, by relying on the invalidity of the action of the city authorities in vacating the dedication of the same as a public street, where (1) there was no proof of the original dedication, (2) the city was not complaining, and (3) the defendant (appellant) had no interest in the question.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*W. A. Anderson* and *Woldert & Dawson,* for appellant.—The power to vacate a street does not inhere in a municipality. The municipal authorities of a city or town cannot vacate a street without the authority of the Legislature. Rev. Stats., art. 419; San Antonio & A. P. R. Co. v. Bergsland, 12 Texas Civ. App., 97; City of Texarkana v. Leach, 48 S. W., 807; Coker v. Atlanta R. R. Co., 51 S. E., 481; 27 Am. & Eng. Ency. of Law, 113; Elliott on Roads & Streets, 658; 4 Current Law, 470.

*Hill & Lee,* for appellee.—The city council of San Angelo had the power to change and alter the streets and authorize the replatting with proper streets and alleys, and, having done so, appellant, without showing any rights in the streets changed and abandoned, or that he was an abutting owner, cannot collaterally attack the ordinances of the city making said change. Rev. Stats., art. 419; Wooters v. City of Crockett, 11 Texas Civ. App., 474; Scott v. City of Marlin, 25 Texas Civ. App., 353.

KEY, ASSOCIATE JUSTICE.—W. B. Hunter brought this suit against E. T. Jett in trespass to try title to part of lots Nos. 2 and 21, and all of lot No. 3, of block No. 78 of the Fort Concho addition to the

city of San Angelo. The defendant filed a general denial and plea of not guilty and a plea of limitation. No testimony was offered in support of the latter plea, nor did the defendant attempt to show that he had any title to the land.

The undisputed facts show that survey 173, consisting of 640 acres of land, was patented to Henry F. Fisher August 18, 1859; that thereafter, and prior to July 1, 1889, the title to said survey was vested in H. B. Adams and E. D. L. Wickes, each holding an undivided one-half interest; that E. D. L. Wickes died June 11, 1892, and left as his only heirs his surviving wife, his mother, three sisters, one brother and a niece; that the plaintiff has acquired title to all the interest in survey 173 that was owned by the heirs of E. D. L. Wickes, except one of his sisters. The plaintiff introduced in evidence a conveyance from that sister, which was objected to by the defendant. The plaintiff introduced in evidence a map of the Fort Concho addition to San Angelo, which includes the lots sued for. He also proved by two practical surveyors that the lots referred to were located on and a part of survey 173.

The trial court instructed the jury that if they found that the land sued for is part of Survey No. 173 to return a verdict for the plaintiff, and if they did not so find to return a verdict for the defendant. The jury returned a verdict for the plaintiff, judgment was rendered accordingly, and the defendant has appealed.

All the assignments of error presented in appellant's brief, except one, relate to the action of the court in ruling upon the admissibility of testimony. In addition to the deed from one of the Wickes heirs, which was objected to by appellant, numerous objections were made to evidence introduced by appellee for the purpose of showing that he had acquired title to the Adams half interest in the property. The objections urged and the questions sought to be presented in regard to appellee's title are now immaterial. The court submitted to the jury, and the jury found in appellee's favor as to the only question of fact that was necessary to entitle him to recover. If the land in controversy was part of survey No. 173, then, as the undisputed evidence showed that appellee had acquired the interests in that survey of all the Wickes heirs except one, and as appellant was a trespasser without any title, appellee was entitled to recover the whole of the land sued for, although he may not have acquired the other interests. (Sowers v. Peterson, 59 Texas, 221; Ney v. Mumme, 66 Texas, 269; Wilcoxon v. Howard, 26 Texas Civ. App., 281.) The owner of an undivided interest can recover the entire tract from a trespasser.

The fourth assignment of error is addressed to the action of the court in permitting appellee to introduce in evidence a resolution of the city council of San Angelo, authorizing the Fort Concho Realty Company, appellee's vendor, in making the Fort Concho addition, to disregard the Adams and Wickes addition to said city. The proposition under this assignment is that the city of San Angelo had no power to vacate existing streets. It is not shown that the change referred to in any wise affected appellant. Article 419 of the Revised Statutes authorized the city council to alter the streets of the city, and whether or not that would include authority to entirely abandon or vacate a street need not be decided in this case for the following reasons: First, the

record does not show that the city of San Angelo had acquired title to any streets by the Adams and Wickes addition; second, the city is not complaining; and third, appellant has no interest in the question, it not being made to appear that the change in any wise affects any property or interest of his.

The sixth and last assignment relates to the same question, which was sought to be presented by a requested instruction to the jury. For the reasons already stated that instruction was properly refused.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*