E. S. Sayers v. The Texas Land and Mortgage Company.

No. 2777.

1. **Special Defense in Trespass to Try Title.**—In an action of trespass to try title the defendant pleaded *not guilty*, and further alleged the purchase of the lands under trust deeds made to secure a debt not all satisfied, with prayer for equitable relief against other lands, in event plaintiff recovered. *Held*, that by such allegations the defendant was not precluded from proving title through other sources.

2. **Corporators—Corporation.**—A conveyance of land by partners in business to a corporation of which the members of the firm became the only stockholders passes title to the corporation, the stock being a consideration for such transfer.

3. **Judgment Lien—Sale.**—A judgment lien subsequent to the conveyance to a corporation by members of a partnership constituting the stockholders in the corpora-

tion, and a sale thereunder by virtue of a judgment against the partnership, would pass no title against the corporation.

4. **Fraudulent Conveyances.** — While a conveyance by a partnership firm to a corporation if made with specific intent to defraud creditors may be set aside, still such transfer to the corporation can not be treated as a conveyance not for a valuable consideration and therefore as fraudulent merely upon that ground.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The opinion gives a statement.

*W. G. Eustis,* and *Hunter, Stewart & Dunklin,* for appellant.—1. Although in the action of trespass to try title defendant is not compelled to plead his defense specially, yet if he elect to do so he is confined in his evidence to the defense so pleaded; and when the plea of not guilty and a special plea are pleaded the effect of the special plea is to waive the plea of not guilty except so far as to require the plaintiff to make out a prima facie case, and the defendant is confined in his defense to his special plea. Railway v. Whitaker & Bonner, 68 Texas, 630; Custard v. Musgrove, 47 Texas, 218; Shield v. Hunt, 45 Texas, 425.

2. A conveyance made by a person indebted at the time he executed it, which is not upon consideration deemed valuable in the law, is void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts. Rev. Stats., art. 2466; Range Co. v. Brooker, 2 Ct. App. C. C., sec. 226; Mills v. Howeth, 19 Texas, 259; Van Bibber v. Mathis, 52 Texas, 406; Deutsch & Co. v. Allen, 57 Texas, 89; 2 Kent, 441; 1 Story Eq. Jur., secs. 359, 360, 361; Parkman v. Meech, 19 Pick., 234; Sexton v. Wheaton, 8 Wheat., 229; Hindee v. Longworth, 11 Wheat., 199; Bump. on Fraud. Con., secs. 273, 285, 294.

3. Partition of a community estate consisting of real and personal property can be made by a married woman without a writing; and the acts of the husband within the apparent scope of his authority are binding on the wife, and his authority to represent her in the partition will be presumed, particularly after the lapse of thirty years. Boone v. Hulsey, 71 Texas, 176; Stephens v. Shaw, 68 Texas, 264; Wardlow v. Miller, 69 Texas, 399; George v. Thomas, 16 Texas, 89; Hurley v. Lockett, 72 Texas, 262; Veramendi v. Hutchins, 56 Texas, 420.

*Robertson & Coke,* for appellee.—1. The defendant did not plead specially, and the court did not err in admitting in evidence the several deeds, judgments, executions, and returns thereon the admission of which is complained of, but said evidence under the pleadings and issues in the cause was properly admitted. Koenigheim v. Miles, 67 Texas, 117; Ayres v. Duprey, 27 Texas, 604; Fuller v. O'Niel, 69 Texas, 351, 352.

2. The transfer by partners of their property to a corporation organ-

ized by themselves, for which property they are to receive the stock of the corporation, is a transfer for a valuable consideration. Francklyn v. Sprague, 121 U. S., 228, 229; Case v. Beauregard, 99 U. S., 119.

3. The deed from Butler Brothers & Denson reciting an adequate consideration, it could not be held fraudulent as to a subsequent purchaser without showing that such purchaser had notice of the fraud.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellant against the appellee and others. Appellee pleaded not guilty and also answered specially. Its codefendants disclaimed. The special answer alleged that a certain firm and a certain corporation, neither of which were parties to the suit, had each executed a deed in trust upon the land in controversy and other lands to secure the defendant the Texas Land and Mortgage Company in large sums of money, and that in satisfaction of the mortgage the land conveyed by the deed had been sold, but that a balance of the debt secured remained unpaid and that a part of the lands had not been sold.

The answer contained a prayer that in the event the plaintiff should recover any part of the land in controversy the court should make such orders "as may be necessary and proper to reserve to defendant its rights under said mortgage to that part of the land not sold," etc.

Such being the state of the pleadings, the defendant offered evidence for the purpose of showing title to the land in controversy through chains of conveyances of which the deeds in trust above mentioned were not parts. To this evidence the plaintiff objected upon the ground that the defendant had pleaded specially its title, and in its evidence was confined to the title so pleaded. The evidence was admitted and its admission is assigned as error. The rule of law invoked by plaintiff is well established in this court, but it is apparent from an inspection of the special answer that it does not apply in this case. It was not the purpose of the pleader to set forth in that answer the title upon which the defendant relied to defeat a recovery. It was not a special plea of title. There was a plea of not guilty, and under that plea it was the right of defendant to introduce evidence of any chain of title under which it claimed.

The appellant complains also that the judgment of the court is not warranted by the evidence. The land in controversy was patented by virtue of a ——— certificate granted to the heirs of Almeron Dickerson, who fell at the Alamo. The deceased soldier left surviving him a wife and a daughter. The partnership of Butler Brothers & Denson acquired through a chain of conveyances whatever right the widow had in the land, and appellant claims title by virtue of a sale of the interest of that firm under execution. The defendant introduced in evidence two chains of title—one a conveyance from the heirs of the daughter of Almeron Dickerson directly to itself, the other from Butler Brothers &

Denson, the same parties through whom the plaintiff claims. The plaintiff introduced evidence for the purpose of showing a partition of the estate of Dickerson between his widow and daughter, and that in the partition the land in controversy was assigned to the mother. We do not deem it necessary in order to decide this case to determine whether or not the mother took any interest under the grant of the certificate, and whether or not a valid partition was proved under which the daughter's title to the land in controversy passed to her. Whatever title the mother had passed to Butler Brothers & Denson, and we are of opinion that the appellee has shown the superior right to whatever right may have been derived from that source.

In the year 1883 one Shellman recovered a judgment in a Justice Court against the firm of Butler Brothers & Denson, and in 1887 he caused the land in suit to be levied upon and sold by virtue of an execution issued upon that judgment. He became the purchaser at that sale, and subsequently conveyed the land to the plaintiff.

The evidence, however, shows that before this sale, and before any lien had been acquired by virtue of Shellman's judgment, Butler Brothers & Denson conveyed this in connection with all their other property to the Henrietta Land and Cattle Company, a corporation formed under the general laws of the State. The defendant showed title to whatever right the Henrietta Land and Cattle Company acquired under that conveyance. The testimony shows that the members of the firm of Butler Brothers & Denson were the corporators of the Henrietta Land and Cattle Company, and that this firm transferred all their property to the corporation under an agreement among themselves that they should each hold stock in the corporation in proportion to his interest in the partnership.

It appears that there were no other stockholders and that no certificates of stock were ever issued except to one of the partners. The contention of appellant is that because this was a mere conversion of the partnership into a corporation, and because nothing was paid for the property except the stock in the corporation, the conveyance of the land is to be deemed voluntary and fraudulent in law as against existing creditors. To this proposition we do not assent. The creation of the corporation was authorized by law, and upon its formation it became an artificial being, distinct from its corporators. Its stock was a valuable consideration for property transferred to it, and such transfer was not therefore *per se* fraudulent as against existing creditors, even though it had been shown that the partnership did not retain sufficient property to satisfy its debts. The stock received by them was not placed beyond the reach of creditors, but could be subjected to their claims by process of garnishment. Our conclusion upon this question is in accordance with the principles announced by the Supreme Court of the United States in the case of Francklyn v. Sprague, 121 United States, 228.

It is doubtless true that a transaction of this character may be fraudulent and may be set aside for a specific intent to hinder, delay, or defraud creditors, but there was no proof offered in this case to show such actual intent. What we mean to decide is that the transfer to the corporation can not be treated as a conveyance not for a valuable consideration and therefore fraudulent in law as to creditors on that ground merely.

It follows from what has been said that Shellman acquired no title to the land by virtue of his purchase at the sheriff's sale, and that therefore the appellant acquired none by the conveyance from him. Plaintiff having shown no title the judgment was properly given for the defendant, and it is therefore affirmed.

*Affirmed.*

Delivered October 21, 1890.