WILLIE HARPER ET AL. V. JOHN BROWN ET AL.

No. 6630. Decided July 15, 1936.
(95 S. W., 2d Series, 1291.)

*E. C. Overall*, of Gonzales, for plaintiff in error.

Where a number of parties join in a petition in trespass to try title, and some state a good cause of action, while others fail to state a cause of action, when tested by general demurrer, the parties who state a good cause of action are entitled to stay in court on their pleadings. Ford v. Tompkins, 8 S. W. (2d) 782; Gill v. Baird, 32 S. W. (2d) 941; Shaw v. Ryan, 41 S. W. (2d) 329; Weatherford, M. W. & N. W. Ry. Co. v. Granger, 85 Texas, 574, 22 S. W., 959.

*Tom Gambrell*, of Lockhart, and *Hart, Patterson, Hart & Brown*, of Austin, for defendants in error.

If, in an action of trespass to try title, and in addition to the formal statutory allegations, plaintiffs specially plead their title, recovery must be had, if at all, on the basis of such title so specially pleaded. Snyder v. Nunn, 66 Texas, 255, 18 S. W., 340; Herndon v. Hayter, 28 S. W. (2d) 885; Lynch v. First Natl. Bank, 50 S. W. (2d) 418.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In the district court Willie Harper, Mrs. S. H. Robertson, joined pro forma by her husband, S. H. Robertson, Josie Maddox, joined pro forma by her husband, Willie Maddox, and Willie Harper as next friend of Martha Brown, were plaintiffs. They will be so designated here. John Brown and Lipscomb Bank & Trust Company of Luling, Texas, were defendants, and they will be so designated.

A general demurrer to plaintiffs' petition was sustained by the trial court. This action of the court was affirmed by the Court of Civil Appeals. 61 S. W. (2d) 1036. The sole ques-

tion for decision here is whether or not the general demurrer was properly sustained.

■ Plaintiffs Willie Harper and Mrs. Robertson alleged that they were each owners of an undivided 2/15 interest in certain described land, and as to this interest the petition contains all of the essential elements of an action of trespass to try title. After these general allegations they further alleged: "And for said cause of action plead formally in trespass to try title as above stated and set out." The petition then contains various allegations in behalf of Josie Maddox and by Willie Harper as next friend of Martha Brown, having for their purpose the setting aside of certain deeds theretofore executed by Martha Brown and Josie Maddox. These allegations were obviously intended to meet contemplated defenses by defendants. They did not, however, add to or take from the allegations in trespass to try title by Willie Harper individually and by Mrs. Robertson. While these allegations may have been subject to special exceptions (which it is not necessary for us to decide), the petition as a whole was plainly not subject to a general demurrer so far as Willie Harper and Mrs. Robertson were concerned.

■ We take occasion to observe that according to the rule with reference to due order of pleading, if strictly applied, defendants' general demurrer was not entitled to be considered, as it was filed after a general answer had been filed by them.

As the trial court should require a repleading by all parties, and this will no doubt be done, it is not necessary to discuss the matter further.

The judgments of the trial court and of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court July 15, 1936.