## L. H, JOYNER ET AL. v. SCURRY CHRISTIAN ET AL.

No. 6953. Decided March 9, 1938.
Rehearing overruled April 13, 1938.
(113 S. W., 2d Series, 1229.)

*Goggans & Keith, W. H. Francis, A. S. Hardwick, Walace Hawkins, Clint & Eades, D. B. Eades, Zellner Eldridge* and *J. L. Goggans,* all of Dallas, and *J. B. Hatchett,* of Wichita Falls, *Fitzgerald & Hatchitt,* of Longview, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that plaintiffs, in the trial court, by pleading their title specially abandoned their statutory allegations in trespass to try title and said special plea not being sufficient to show title, a general demurrer to their petition should have been sustained. Rankin v. Parker, 4 S. W. (2d) 227; Garrett v. Kelley, 6 S. W. (2d) 414; Garza v. Jennings, 44 S. W. (2d) 1016; Mayers v. Paxton, 78 Texas 196, 14 S. W. 568.

*W. H. Sanford & Conan Cantwell,* both of Dallas, *W. Edward Lee, Lee, Porter & Latham, T. G. Jackson, Jackson & Truehart, Saye, Smead & Saye* and *H. P. Smead,* all of Longview, for defendants in error.

Where a plaintiff in a trespass to try title suit shows title only to an undivided interest, he is not entitled to judgment for the whole and entire title and possession of the land without affirmatively showing that the defendants have no interest therein. Steddum v. Kirby Lbr. Co., 110 Texas 513, 221 S. W. 920; Harper v. Brown, 61 S. W. (2d) 1036; Snyder v. Nunn, 18 S. W. 340.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a suit in trespass to try title to 15.4 acres of land, and for an accounting with respect to the proceeds of the sale

of oil produced from the land. The parties will be referred to as in the trial court. Plaintiffs are the heirs of Susan Christian and the assignees of such heirs. Defendants are her stepson, Scurry Christian, and his assignees. Judgment was for plaintiffs upon an instructed verdict for 5.24 acres of land off of the east end of the * * * land described in plaintiff's petition * * * ," and for royalty interests on the basis of the fee recovery, and for an accounting as to proceeds held by defendant Magnolia Petroleum Company for the sale of oil produced. The Court of Civil Appeals reversed and remanded the case. 81 S. W. (2d) 153.

It appears from the uncontroverted testimony that the land sued for is a part of a 152 acre tract of land which, together with a 52 acre tract, was partitioned by agreement by the six children of B. J. Christian, hereinafter called Burgey, and others not necessary to name, into nine tracts. Burgey was one of Randle Christian's four children by a marriage prior to his marriage with Susan. Randle and Susan are the common source of title. Susan had no children. Randle died first, but before his death he and Susan sold the 52 acre tract to Burgey. After Randle's death Susan bequeathed her interest in the property (a one-half undivided interest in the 152 acre tract) to Burgey and two other devisees "share and share alike." Burgey died and at the time of his death owned the 52 acre tract. Each of his children, one of whom was Scurry, inherited 8-2/3 acres in the 52 acre tract and 3-1/6 acres in the 152 acre tract, making the total inheritance of each in the two tracts, 11-5/6 acres. The partition was made however upon the assumption that Burgey's children were entitled also to a one-sixth undivided interest in the 152 acre tract by virtue of Susan's bequest to Burgey. It was upon this assumption that 4-2/9 acres additional were included in the respective allotments set apart to Burgey's children, thus making a total allotment to each of 16 acres (in round numbers). Plaintiffs admittedly have no interest in the 52 acre tract, and whether they have any interest in the 152 acre tract depends upon whether Burgey took as a devisee under Susan's will. This question will first be determined.

1 Defendants recognize the common law rule that a devise lapses if the devisee predeceases the testator; and also that Article 8295 R. C. S. 1925, which modifies the rule, has no application, since Burgey was neither a child nor a descendant of Susan. They seek to avoid the effect of the rule, however, upon the ground that the devise was contractual, alleging that the three devisees orally agreed with Susan that in consideration of her devising her property to them they would care for

her so long as she should live. They further allege performance of their part of the agreement and that Susan performed her part by executing the will. Such a plea supported by oral testimony only can avail defendants nothing in view of the unambiguous provisions of the will. It appears from the language used by the testatrix that the devise in question is a simple, clear and unequivocal bequest, without more, of her property to Burgey and the other two devisees "share and share alike." The will contains no reference to a contractual consideration. There is nothing in its language indicating the devise is other than a pure gift. The will not being such a memorandum in writing as to meet the requirement of the statute of frauds, the devise lapsed upon Burgey's death. Upson v. Fitzgerald, 129 Texas 211, 103 S. W. (2d) 148; Bittner v. Bittner, 45 S. W. (2d) 148; Edwards v. Beard, 77 Ind. App. 478, 134 N. E. 203. It follows from what has been stated that a one-sixth interest in the 152 acre tract was inherited by Susan's heirs.

**2, 3** The nature of plaintiffs' suit has already been stated. They sued only one of the allottees under the partition, Scurry Christian, and those holding under him, and for the land only that was set apart to Scurry. They pleaded the statutory action of trespass to try title. They pleaded title also by limitation, but offered no proof under this plea. There were several groups of defendants. They answered by general demurrer, general denial, a plea of not guilty, the three and five year statutes of limitation, a claim for permanent and valuable improvements, estoppel and laches and stale demand. The Court of Civil Appeals, indulging an assumption that plaintiffs abandoned their general pleas and attempted to plea their title specially, reversed and remanded the case on the ground the trial court erred in not sustaining a demurrer to the petition. The assumption was not warranted. While allegations were incorporated in the petition in addition to those setting out the general pleas, they were obviously not incorporated for the purpose of pleading title specially. Plaintiffs as a preface to the additional allegations expressly stated it was not their purpose in adding the same to abandon their general pleas. The purpose in the light of the general pleas and uncontroverted evidence, appears to have been an attempt on the part of plaintiffs to lay a predicate for recovery in excess of that which they could establish upon the strength of their own title alone, and to anticipate defenses which defendants might urge against such asserted right of recovery. The presence of the additional allegations in the petition, while unnecessary and subject in the trial court's discretion to be struck out on special exception, did not

render it subject to a general demurrer. Sayers v. Land & Mortgage Co., 78 Texas 244, 14 S. W. 578; State v. Snyder, 66 Texas 687, 18 S. W. 106; Harper v. Brown et al., 127 Texas 631, 95 S. W. (2d) 1291. Plaintiffs made no effort to establish title under Randle Christian, and relied throughout the trial upon their general plea of trespass to try title. The added allegations were not necessary as a predicate for any of the evidence offered by plaintiffs to establish their alleged interest, regardless of whether the title upon which such interest is predicated is legal or equitable. Edwards v. Barwise, 69 Texas 85, 6 S. W. 677; Kaufman v. Runge & Brown, 83 Texas 41, 14 S. W. 425; Wade v. Boyd, (wr. ref.) 24 Texas Civ. App. 492, 60 S. W. 360. Plaintiffs' action, in legal effect, is a suit to recover the land described in the petition. It was not necessary, notwithstanding the evidence established in plaintiffs only an interest in the land sued for, that they plead specially their title to such interest. Article 7366 R. C. S. 1925; Townes Texas Pleading (Sec. ed.) p. 609; Land v. Banks, (Com. App.) 254 S. W. 786; Murrell v. Wright, 78 Texas 451, 15 S. W. 156, 74 Texas 451, 12 S. W. 284. Article 7366 provides that the petition (in trespass to try title) shall state among other things "the interest which plaintiff claims in the premises, whether it be a fee simple or other estate," and further that "if he claims an undivided interest he shall state the same and the amount thereof." In the text cited Judge TOWNES, after pointing out that it was the rule prior to the revision of 1879 when the language of the statute included in the foregoing quotations was first adopted that one owning only an undivided interest in land could sue alleging his ownership generally and recover on proof of his undivided interest, says:

"The most obvious construction of this statute would seem to change this rule, and this was intimated in one case which came up soon after the passage of the law, but which did not directly involve the point. When, however, the question was presented for actual adjudication the court took the opposite view and held that the revision made no change in the old rule. This decision has been followed continuously since." As stated elsewhere in the text (p. 607), "no technical niceties are to be observed in passing on the petition" in a trespass to try title suit.

4 While the Court of Civil Appeals erred in holding the trial court should have sustained the general demurrer to the petition, the case must be remanded for error on the part of the trial court relating to the amount of recovery awarded plaintiffs. Judgment was in their favor for the entire 5.24 acres located in the 152 acre tract. Scurry was in possession of the whole

tract sued for, and owned, independent of the partition, an interest in the 5.24 acres, as well as in that portion of his allotment lying in the 52 acre tract. Scurry was not a trespasser. Susan's heirs had no interest in the 52 acre tract, she and Randle having sold Burgey that tract. Her heirs inherited an undivided one-sixth interest, and no more, in the 152 acre tract. Plaintiffs therefore could establish title to only their pro rata part of the 5.24 acre portion of the tract. Obviously the trial court erred in awarding them a recovery in excess of a one-sixth undivided interest in the 5.24 acres, and the proportionate royalty interests accrued thereto. Land v. Banks, supra.

**5-7** The theory upon which plaintiffs contend for recovery of the entire 5.24 acre tract instead of only a one-sixth interest therein, is that the result of what is termed by them an adjustment of equities with defendants was to increase upon equitable considerations plaintiffs' right of recovery. This theory is fallacious. It is a familiar principle of equity that all parties whose rights are to be affected by a judgment are necessary parties. There could not be in the present suit, for lack of necessary parties, what plaintiffs term an adjustment of equities between the defendants and themselves. The agreed partition was void because of nonjoinder of the heirs of Susan, but Scurry and the other defendants holding under him are estopped to deny its binding effect as against them. He and the other allottees ratified as between themselves their voluntary action in making the partition, by each taking possession of the tract set apart to him and making improvements thereon, and by executing ratification deeds to each other respectively, and by severally executing numerous oil and gas leases, royalty deeds and other conveyances, to third persons. The partition and the respective deeds of confirmation executed by the allottees to each other are void. The action of the allottees, upon being acquiesced in by the nonjoining cotenants, is given the effect, upon the principle of estoppel, of segregating the common lands into separate tracts. This principle denies the allottees, including Scurry and those holding under him, the right to question the binding force of the segregation. Millican v. McNeill et al., 102 Texas 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60; Cozine's Heirs v. Williams, 85 Texas 499, 22 S. W. 399; Kelley et al. v. Neal et al., 111 S. W. (2d) 1122. Plaintiffs occupying as they do the position of the nonjoining cotenants, could properly have elected to sue to set aside the partition and for a repartition, and would have been entitled to prevail in such a suit. Findley et al. v. State, 113 Texas 30, 250 S. W. 651, and cases there cited; New York & Tex. Land Co. v. Hyland, (wr. ref.) 8 Texas Civ.

App. 601, 28 S. W. 206, and cases cited. Such election on their part would have necessitated that they bring all of the allotments and all of the allottees and those holding under them, respectively, before the court. Instead of seeking to repartition the land plaintiffs proceeded against one of the allottees, separately, and those holding under him, for recovery of their interest in the segregated tract described in the partition. By so proceeding they estopped themselves from asserting a claim of interest in the entire 152 acre tract, and restricted the amount of their recovery in the present suit to such interest in the allotment sued for as they are able to establish upon the strength of their own title; and such restricted right of recovery is in no wise equitably enlarged by the fact that defendants will have remaining in the allotment sued for after such recovery, an acreage in excess of the 11-5/6 interest inherited by Scurry in the two tracts.

Defendants urge that plaintiffs having settled by compromise their claims of interest in the allotments other than Scurry's for money and other considerations aggregating more in value than the value of their pro rata portion of the entire 152 acre tract, are estopped to claim an interest in the allotment sued for. Such settlements, or sales of interests in the respective allotments as plaintiffs may have made, are of no legal concern to defendants. Certainly the joining cotenants, having wrongfully excluded Susan's heirs from the voluntary partition in question; are estopped to deny the right of the cotenants so excluded to make settlements with the respective allottees and those holding under them, of their claims of interest in the respective allotments. Defendants are asserting no claim of contribution as against any of the allottees, or those holding under them, and the record discloses no basis for such claim. The land at the time the partition was made was uniform in value throughout, the division having been made upon a purely acreage basis. Scurry, along with Burgey's other heirs, was allotted about four acres more than he inherited. The amount of acreage remaining in the allotment after deduction of the undivided interest plaintiffs show themselves entitled to recover, is in excess of Scurry's inheritance by more than three acres; but this fact is of no legal concern to plaintiffs in that it has no bearing upon the issue of title. The present action is not a partition suit. By plaintiffs' own election it is purely a title suit. The only question of equity involved is that of estoppel on the part of defendants.

It is not necessary to discuss any other phases of the case. The plea of stale demand set up by some of the defendants

amounts to no more than a plea of limitation. New York & Tex. Land Co. v. Hyland, supra; Carl et al. v. Settegast, (Com. App.) 237 S. W. 238. The questions of limitation, if any, can be determined upon another trial. It is not necessary, in view of another trial, to here attempt to ascertain the respective royalty interests of the parties. They will have to be recalculated since the basis of calculation under the present record, instead of being the entire 5.24 acre tract, is a one-sixth undivided interest therein. Plaintiffs stated in their brief they have already made settlement with the defendant, Magnolia Petroleum Company, whereby it acquired the seven-eighths leasehold interest claimed by it. It appears from the present record that plaintiffs are entitled to such royalty interest as proportionately accrues to their fee interest in the land.

The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court March 9, 1938.

Rehearing overruled April 13, 1938.