**BUSH v. W. M. JOHNSON GIN CO. et al.**

**No. 5101.**

Court of Civil Appeals of Texas. Amarillo.

Jan. 15, 1940.

Rehearing Denied March 11, 1940.

F. B. Davenport, of Dallas, for appellant.

J. D. Bell, of Paducah, for appellees.

JACKSON, Chief Justice.

J. E. Bush, doing business under the trade-name of the Texas Automatic Sprinkler Company, appellant, instituted this suit in the District Court of Cottle County, Texas, against appellees, W. M. Johnson, individually, and W. M. Johnson Gin Company, alleged to be a co-partnership composed of W. M. Johnson of Cottle County, Texas, and W. P. Cochran of Antlers, Oklahoma, to recover damages for the alleged breach of a contract in the sum of $1,720.22, with interest thereon.

The appellant alleged that as contractor, acting through his duly qualified agent, on July 25, 1932, he entered into a contract with W. M. Johnson, called owner, by the terms of which he agreed to lease for a period of three years and install on certain gin premises for appellees at Paducah, Texas, an automatic sprinkler for the consideration of $2,950 to be paid in installments evidenced by notes. A copy of the contract is attached to and made a part of the appellant's petition and provides that when the system is paid for it shall become the property of appellees.

Appellant alleges that after the execution of the contract to enable him to comply therewith he had an engineering survey made of the gin plant and lots on which the gin was situated to ascertain the type of equipment, size of pipes, number of valves, sprinkler heads, etc., required for the installation of the automatic sprinkling system on the gin premises and proceeded thereafter with the preparation and fabrication of the necessary material and equipment to be used; that the manufacture of the equipment was done at his plant in Dallas, Texas, and at his own cost and expense; that he had at all times been ready, willing and able to comply with the contract and install the automatic sprinkler system according to the agreement but appellees failed and refused to comply with the agreement and denied appellant and his representatives the right and privilege of entering upon the gin premises to do the necessary work and complete the installation of the sprinkler system and thereby breached the agreement; that they later remodeled the gin plant and made it impossible for appellant to perform the contract and by reason of such breach appel-

lant had suffered damages in the sum of $1,720.22, with legal interest.

The appellees answered by general demurrer, so-called special exceptions, general denial, pleaded the statute of four years' limitation, and denied partnership under oath. They also alleged that the ginning season was rapidly approaching when the contract was signed and time was of the essence thereof and it was of the utmost importance to have the automatic sprinkler system installed with all reasonable speed and dispatch since cotton ginning would be very active by August 15, 1932, all of which was known to appellant and his agents; that for the purpose of inducing appellee Johnson to sign the written contract the appellant's agents represented to him that the sprinkler system could and would be installed within twenty days from the date of the contract and fully completed and in operation by August 15, 1932; that appellees believed and relied upon such representations and were induced thereby to execute the contract; that such representations were false and appellant knew they were false and fraudulent when made and that the sprinkler system could not be installed within twenty days but so represented to appellees for the purpose of deceiving them and with no intention of complying therewith; that these promises and representations were repeated to appellees by appellant's agent on or about August 1st after the execution of the contract on July 25th; that the written contract provided that the sprinkler system would be installed "with all convenient speed" but the installation was not made with dispatch nor within a reasonable time and no diligence was exercised to install the equipment with convenient speed and such equipment was never installed, for all of which reasons appellees say appellant has no right to recover.

The case was submitted to the court without the intervention of a jury and judgment rendered that appellant take nothing by his suit and appellees go hence with their cost, from which judgment this appeal is prosecuted.

The attorneys for appellees could doubtless have saved the court considerable work and investigation had they favored us by filing a brief for their clients.

The appellant complains of the action of the court in overruling his exception to the sufficiency of appellees' answer to al-lege fraud because too general; no consideration was pleaded for the oral agreement set up, and no claim made that appellees were prevented from reading the contract. He also objected to the admission of testimony on the issue of fraud since it varied the terms of a written contract and was contrary to the parol evidence rule.

An examination of the allegations in the answer pertaining to fraud which we have heretofore substantially set out convinces us that the allegation of fraud was sufficient and the testimony on such issue was admissible.

In Edward Thompson Company v. W. R. Sawyers, 111 Tex. 374, 234 S.W. 873, the Supreme Court says:

"After a trial in the justice's court, resulting in a judgment for appellee, the case was appealed to the county court, where appellee filed written pleadings, in which he admitted the execution of the written contract, but averred that, in order to induce appellee to sign the contract, appellant, by its agent, represented and agreed that it would continue to publish and deliver to appellee annual supplements for a period of not less than 15 years, or for so long as appellee should live or continue to practice law; that appellant knew at the time that it would not be able to issue annual supplements; that the representation and promise that appellant would issue and furnish supplements for the time stated was false and fraudulent and was intended to deceive appellee; that appellee was deceived thereby; and that it was in reliance on appellant's false and fraudulent representation and promise that appellee gave his subscription and executed the written contract on which appellant sued.

*    *    *    *    *    *

"We think appellee's answer, fairly construed, alleges that he was deceived into executing the writing sued on, by means of a representation or promise by appellant not only not performed, but at the time made not intended to be performed. So construing the answer, it set up such fraud on the part of appellant as would entitle appellee to a rescission of the written contract with a recovery of the payments he had made, or to an award of damages for the injury he had sustained. Cearley v. May, 106 Tex. 444, 167 S.W. 725; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. [218] 223, 19 S.W. 472, 31 Am. St.Rep. 39."

■ The written contract signed by the parties, among other things, provided as follows: "2. The contractor will complete the installation with all convenient speed barring loss, damage or delay occasioned by strikes, fires and other casualties beyond the control of the contractor * * *."

There is neither allegation nor proof that there was any loss of time, damage or delay occasioned by strikes, fires or other casualties. Whether or not time is of the essence of a contract is a fact issue to be determined primarily by the intention of the parties and should be ascertained from the language of the contract. Williams et al. v. Shamrock Oil & Gas Co. et al., 128 Tex. 146, 95 S.W.2d 1292, 107 A.L.R. 269; Harper et al. v. Brown et al., 127 Tex. 631, 95 S.W.2d 1291; Investors' Utility Corporation et al. v. Challacombe, Tex.Civ. App., 39 S.W.2d 175.

■ However, if time was not of the essence of the contract as alleged and proved by appellees, then according to the written agreement, since no time was stipulated therein, the appellant was obligated to complete the installation of the sprinkler system with all convenient speed and obviously within a reasonable time.

It is apparent from the record that the object and purpose of installing the automatic sprinkler system on appellees' premises was to reduce the fire hazard and the premiums to be paid for fire insurance. The testimony is sufficient to warrant the court in concluding that the ginning season began shortly after the execution of the contract and on August 15th thereafter appellees were operating the gin day and night; that the ginning season continued until about February, 1933, and the installation could not be done while the gin was in operation; that appellant, through his agent, represented to appellees that the sprinkler system would be installed within twenty days and fully completed for use by August 15th, and appellees relied thereon; that such representations were false and fraudulently made; that on September 26th thereafter, sixty days after the contract was signed, no work had been performed on the gin premises preparatory to the installation of the automatic sprinkler system; none of the equipment for such system had been delivered at Paducah, Texas, where the gin was located; that appellant at that time was negotiating with Paducah to obtain water from the city for the operation of the sprinkler system on appellees' premises; that after all arrangements were made, equipment fabricated and delivered, it would require about two weeks to complete the installation of the system, or approximately until October 15, 1932.

The testimony of appellant and his agents is undisputed to the effect that such a system could be and not infrequently is installed within forty-five days after a contract is executed. The gin plant was not remodeled until June, 1933, and no explanation for the delay is offered.

■ This testimony, in our opinion, warranted the court in determining that no attempt was made to install the equipment "with all convenient speed", or within a reasonable time, under the facts and circumstances and that appellant failed to exercise ordinary care to complete the installation within a reasonable time. 10 Tex.Jur. 421, para. 241, and authorities cited.

If we are correct in the foregoing conclusions the discussion of the questions of partnership and limitation become immaterial.

The judgment is affirmed.