**The STATE of Texas, Appellant,**

v.

**L. R. KIRKPATRICK, Appellee.**

**No. 15211.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 1, 1957.

Rehearing Denied March 15, 1957.

Will Wilson, Atty. Gen., James H. Rogers and Robert E. Anderson, Asst. Attys. Gen., J. A. Amis, Jr., College Station, for appellant.

Rogers & Rogers, Sherman, for appellee.

DIXON, Chief Justice.

This is an appeal, in a trespass to try title suit, from a judgment in favor of appellee L. R. Kirkpatrick, who was plaintiff in the trial court, against six defendants and also against The State of Texas, intervenor, who had appeared in behalf of A. & M. College of Texas. Four of the defendants filed disclaimers; two of them made default by failing to file an answer. Only intervenor State of Texas contested plaintiff's suit. The suit involved title to about 159 acres of land in Grayson County, Texas. Only the State of Texas has appealed.

Claim of A. & M. College of Texas

In 1936 the Whitesboro Fruit Company, a corporation, in distributing its assets fol-lowing dissolution, conveyed in trust to appellee L. R. Kirkpatrick a tract of land containing about 526 acres subject to a mortgage of $20,000. The title was placed in the name of appellee L. R. Kirkpatrick as trustee so he could operate the land as a farm without interference in an effort to pay off the $20,000 mortgage. The beneficiaries of the trust and their undivided interests were C. C. Mayhew, one-half; appellee L. R. Kirkpatrick, one-fourth; and R. H. Kirkpatrick, appellee's brother, one-fourth. The above conveyance is the common source of title. The 159-acre tract involved in this controversy was a part of the original 526-acre tract.

It is important to take note here that C. C. Mayhew's undivided one-half interest in the 526 acres was the community property of C. C. Mayhew and his wife, Cammie Starnes Mayhew. Therefore the undivided interest of Cammie Starnes Mayhew, that is, her share of the community interest, was an undivided one-fourth interest in the 526 acres.

On December 12, 1943 Mrs. Cammie Starnes Mayhew died, leaving a will. We quote from her will:

"I will and bequeath all the remainder of my property, real, personal and mixed wherever situated, which shall remain after satisfying the foregoing bequests, in equal shares to the said Clarence C. Mayhew, Camilla Allbright, *Cornelia Smith,* Garvey Bradburn and Cliff Bradburn, each to take an undivided one-fifth thereof." (Emphasis ours.)

The effect of the above bequest to Cornelia Smith was to give to Cornelia Smith one-fifth of one-fourth (or 1/20th) undivided interest in the 526 acres of land (less whatever part of it meantime may have been properly conveyed by L. R. Kirkpatrick as trustee).

On September 30, 1946 Cornelia Smith died. She left a will in which she bequeathed to A. & M. College of Texas one-half

of her one-fifth of the one-fourth undivided interest left to her by Cammie Starnes Mayhew (less whatever part of it meantime may have been properly conveyed by L. R. Kirkpatrick as trustee).

Appellant says that there has never been a valid partition of the original 526-acre farm among the owners of the various undivided interests. Thus the interest of A. & M. College of Texas, as claimed by appellant State of Texas, is a one-half of one-fifth of one-fourth (or 1/40th) undivided interest in all the remaining land held in common, including the 159 acres in controversy, since said 159 acres is a part of the original unpartitioned farm of 526 acres.

### Claim of L. R. Kirkpatrick

It should be remembered that the 1936 deed from Whitesboro Fruit Company, a corporation, to L. R. Kirkpatrick, trustee, is the common source of title.

In May 1943 L. R. Kirkpatrick, as trustee, conveyed to D. R. Tamplen 114.21 acres of land out of the 526-acre tract for a consideration of $5,710.50. The proceeds of this sale were applied as a payment on the $20,000 mortgage indebtedness against the property.

Also in May 1943, the balance due on the $20,000 loan was paid. This was accomplished with the proceeds of two oil leases, with rentals from farm tenants, and with money contributed by C. C. Mayhew, L. R. Kirkpatrick, and R. H. Kirkpatrick, the beneficiaries in the original trust agreement. Each beneficiary contributed in proportion to his undivided interest in the property.

In October 1944, appellee L. R. Kirkpatrick, joined by his wife, conveyed to C. C. Shannon 114.21 acres of land, and another tract of 6.26 acres out of the original tract of 526 acres. The proceeds of the sale, the amount of which is not disclosed by the record, were divided between C. C. Mayhew, L. R. Kirkpatrick and R. H. Kirkpatrick. This sale took place after the death

of Cammie Starnes Mayhew, wife of C. C. Mayhew, but prior to the death of Cornelia Smith, devisee of Cammie Starnes Mayhew.

In December 1946 appellee L. R. Kirkpatrick, for a recited consideration of $10, conveyed to C. C. Mayhew 169.57 acres out of the remaining part of the original 526.81 acres, more or less, leaving 159.82 acres to appellee L. R. Kirkpatrick, and being the tract of land involved in this controversy. The trial court found that "this division was a partition made by tenants in common, and that the same was fair and equitable, and was done without prejudice to the interests of anyone involved in this litigation."

In December 1946 C. C. Mayhew, Garvey Bradburn and Cliff Bradburn, executors under the will of Cammie Starnes Mayhew, for a consideration of $1 executed a quitclaim deed to appellee L. R. Kirkpatrick to the 526.81 acres of land. (This quitclaim deed was shown in the abstract of title introduced in evidence, but the trial court in its findings does not mention it. Appellee L. R. Kirkpatrick in his brief says he is not relying on it.)

In February 1949, R. H. Kirkpatrick and wife, for a consideration of $3,995.50, conveyed their undivided interest in the 526-acre tract to L. R. Kirkpatrick.

From the above recitals it will be seen that after the conveyance in May 1943 by L. R. Kirkpatrick to D. R. Tamplen of about 114 acres, more or less, and the conveyance in 1944 of about 114 acres, more or less, to C. C. Shannon, approximately 300 acres, more or less, remained of the original 526.-81-acre tract. After the conveyance in December 1946 of 169.81 acres, more or less, to C. C. Mayhew, there remained about 159 acres, more or less, still in the name of L. R. Kirkpatrick, which he now claims to hold in severalty, not as a cotenant.

As a basis for his claim, appellee L. R. Kirkpatrick asserts and the court found that the 1946 conveyance to C. C. Mayhew was in effect a fair, equitable partition of the

property between himself and C. C. Mayhew, by virtue of which partition appellee L. R. Kirkpatrick contends that he acquired a fee-simple title.

C. C. Mayhew is not a party to this suit.

## Conclusions

It is an undisputed fact in this case that A. & M. College of Texas, one of the cotenants, was not included in and did not in any way participate in the alleged voluntary partition by deed of December 24, 1946 between cotenants C. C. Mayhew and L. R. Kirkpatrick. There is no evidence in the record that intervenor even knew of the alleged voluntary partition until later.

The situation thus presented to us must be governed by the rule announced by the Commission of Appeals in an opinion adopted by our Supreme Court, in Joyner v. Christian, 131 Tex. 274, 113 S.W.2d 1229, wherein it was in effect held that a voluntary partition of land held in cotenancy was void for nonjoinder of certain persons who were cotenants. See also Zamora v. Zamora, Tex.Civ.App., 241 S.W.2d 635; and Condra v. Grogan Mfg. Co., Tex.Civ.App., 228 S.W.2d 588, affirmed 149 Tex. 380, 233 S.W.2d 565.

Appellee relies on the rule announced in Furrh v. Winston, 66 Tex. 521, 1 S.W. 527, 528, and followed in subsequent cases, in which it is held that "While a co-tenant has no power to divest the title of his co-owners by selling a specific part of the common property, yet it is well established that a court of equity will protect such a purchaser, if this can be done without injury to the other owners, by setting apart to the vendee of the cotenant the particular tract bought."

The rule relied on by appellee has no application in this case for the reason that what we have here is not a sale and purported transfer of title by one cotenant of a specific portion of the common property to a third party stranger to the title. What we have here is a purported voluntary partition among cotenants of all the property held by them in common. There is a material difference between the two types of transactions. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; 32 Tex.Jur. 146.

When a sale of a specific portion is made by a cotenant, the conveyance, though voidable, will be allowed to stand as a transfer of title as a matter of equity if there is enough of the common property still left to enable fair and equitable adjustments to be made with the aggrieved cotenants out of the remaining common property. But in the case of an invalid partition, if the partition is allowed to stand there is no common property at all left to which an excluded cotenant may look for satisfaction of his claim. The very nature of partition is such that the cotenancy is terminated, the land once held in common is divided specifically, and each of the participants, following the partition, takes and holds in severalty the specific portion allotted to him, free and clear of the claims of any of the former cotenants. There is no longer any land held in common by the parties as cotenants. That being so, if the purported partition in the instant case were allowed to stand, there would be no remaining land held in common to which intervenor A. & M. College of Texas could look for its 1/40th undivided interest in the original tract of which it was a cotenant.

In view of a remand of this case, we think it proper to suggest that all cotenants must participate in any voluntary partition that may be agreed upon, or that all cotenants must be made parties to any court action for partition. Joyner v. Christian, supra.

Appellant's points on appeal are sustained. The judgment of the trial court is reversed and the cause remanded for another trial.