

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00527-CV

Anna Maria Salinas **SAENZ**, et al.,
Appellants

v.

**THORP PETROLEUM CORP.**, et al.,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-04-120
The Honorable Ana Lisa Garza, Judge Presiding[1]

Opinion by:    Jason Pulliam, Justice

Sitting:    Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice
            Jason Pulliam, Justice

Delivered and Filed:  July 15, 2015

AFFIRMED IN PART; REVERSED IN PART

This appeal arises from summary judgments, severance orders, and a final judgment entered in a trespass to try title claim.[2] The primary issue for this court's determination is whether the trial court erred in declaring a partition agreement/deed to be valid and enforceable. If the trial court erred, this court must also determine: (1) who owned property on the date of the partition;

---

[1] The Honorable Alex Gabert signed various orders granting summary judgment. The Honorable Ana Lisa Garza signed a final judgment incorporating the prior orders and disposing of all remaining non-severed claims.

[2] The attorneys for all parties to this appeal are reminded of this court's preference that "citations to the record and citations to supporting authorities be included in the body of briefs and not placed in footnotes."

and (2) whether summary judgment was proper as to the parties who signed the partition agreement/deed based on various affirmative defenses. We hold the trial court erred in declaring the partition agreement/deed to be valid, but the parties who signed the partition agreement/deed and their heirs are estopped from denying its binding effect as against them.

## BACKGROUND

After various prior conveyances, in 1964, Juan and Ynez[3] Salinas owned 1,134 acres of land and an undivided 15/32 mineral interest in those acres.[4] Juan and Ynez conveyed the 1,134 acres and the 15/32 mineral interest to their twelve children in equal, undivided shares.

It is undisputed that one of the twelve children, Ester,[5] passed away, and her interest was conveyed to her brother, Ascencio. It also is undisputed that another of the children, Juana Salinas Garcia, conveyed her undivided interest in the surface estate of the 1,134 acres to her brother, Octavio, but she retained her undivided interest in the mineral estate. Finally, it is undisputed that a third child, Leonicio Salinas, conveyed all or a portion of his interest in both the surface and mineral estate to another brother, Horacio; however, the parties disagree as to what portion of Leonicio's interest was conveyed.

In 1968, some or all of the children began discussions regarding a partition of the property. In September of 1968, some of the children, including Leonicio and Horacio, signed an agreement which recited that the parties thereto had orally agreed on a partition. Because some of the children objected to the document and refused to sign it, that agreement was never fully executed.

In December of 1968, all of the children with the exception of Juana and Leonicio signed a partition agreement/deed which partitioned the entire surface estate of the 1,134 acres. The

---

[3] Ynez is also referred to in various documents as Ines.
[4] Juan and Ynez previously conveyed the other 17/32 mineral interest to third parties who are not parties to this appeal and whose ownership is not in dispute.
[5] Ester is referred to in some documents as Esther.

signatories to the partition agreement/deed will be referred to hereafter as the "Salinas Signatories." After the partition, each of the Salinas Signatories owned a separate tract of land with the acreage and location described in the partition agreement/deed. The partition agreement/deed also provided:

> It is entirely understood and herein stipulated that this partition agreement is a partition not only of the surface to the tracts hereinabove described, but it is intended by the parties hereto that this partition agreement shall partition all of the rights, title and interest of the respective parties to this agreement in and to the tracts hereinabove described, together with all improvements thereon situated of every kind, character and description, and it is intended that this partition agreement shall cover and include all of the minerals of every kind, character and description underlying each of the tracts hereinabove described, and it being intended that each of the allottees of a parcel or tract of land as hereinabove described shall from henceforth be the owner of all of the minerals of every kind and character in and under the respective parcel and tract of land as allotted and set apart to the respective allottees, and from henceforth each allottee shall have the sole and exclusive right, power and authority to execute and deliver oil and gas mineral leases, mining and drilling contracts, and such other development contracts covering his or her respective parcel as hereinabove described, and all bonus money, delay rentals, royalties or other benefits payable for or under any such lease or leases, or attributable thereto shall be owned by, paid to and belong to the respective allottee of each parcel or tract of land.

In April of 2004, the underlying lawsuit was filed by the appellants. The lawsuit sought a determination regarding the nature of the interest previously conveyed by Leonicio to Horacio and a determination of whether the partition agreement/deed was invalid. The appellees filed motions for summary judgment seeking a declaration that the partition agreement/deed was valid. In the alternative, the appellees sought summary judgment against certain appellants based on various affirmative defenses.

The trial court granted the appellees' motions for summary judgment and those rulings were subsequently incorporated into a final judgment after various claims were severed. In its final judgment, the trial court states that it "previously ruled on all title related claims and claims for attorney's fees relating thereto" and severed various other causes into separate cause numbers.

The final judgment declares the partition agreement/deed to be valid and enforceable and orders that plaintiffs take nothing by their suit against all defendants.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

"A deed is subject to the same rules of interpretation and construction as a contract." *Cooke v. Morrison*, 404 S.W.3d 100, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The construction of an unambiguous deed or contract is question of law, which we review de novo. *Willis v. Donnelly*, 199 S.W.3d 262, 275 (Tex. 2006); *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). In conducting a de novo review, we exercise our own judgment and give no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Our primary duty when construing an unambiguous deed or contract is to ascertain the parties' true intent as expressed within the four corners of the deed or contract. *Luckel*, 819 S.W.2d at 461; *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We consider the instrument as a whole, attempting to harmonize and give effect to all its provisions. *Luckel*, 819 S.W.2d at 462; *Coker*, 650 S.W.2d at 393.

## LEONICIO SALINAS'S DEED TO HORACIO SALINAS

As previously noted, Leonicio and Horacio are two of Juan and Ynez's twelve children who received an undivided interest in the 1,134 acres. In October of 1998, after Leonicio and Horacio executed the initial partition agreement that never became a binding agreement, Leonicio executed a deed conveying to Horacio:

> All that certain tract set aside, or to be set aside, to Grantor [Leonicio], under Agreement heretofore entered into by and between Grantor [Leonicio] and Grantee [Horacio] and their brothers and sisters; and more particularly described as follows:
>> Parcel No. 1, containing 214.164 acres of land, out of Tracts Nos. 84 and 85, of Porciones Nos. 38-39, Reynosa Jurisdiction, Mexico, now Starr County, Texas, To: Horacio Salinas.

The appellants argue the deed conveyed Leonicio's undivided interest in 214 of the 1,134 acres, but Leonicio retained his undivided interest in the other 920 of the 1,134 acres. The appellees contend the deed conveyed all of Leonicio's interest that he was to receive as a result of the partition.

As previously noted, our primary duty when construing an unambiguous deed is to ascertain the parties' true intent as expressed within the four corners of the deed. *Luckel*, 819 S.W.2d at 461. We consider the instrument as a whole, attempting to harmonize and give effect to all its provisions. *Luckel*, 819 S.W.2d at 462. The appellants' construction of the deed violates these rules because their construction would render the initial description of the conveyance meaningless. In this initial description, Leonicio states his intention to convey "all" of the tract "to be set aside" to him under the proposed partition agreement. This interpretation also is consistent with the acreage stated in the deed because the maximum number of acres that would be set aside to Leonicio under the partition would be 1/12 of the 1,134 acres, or 94.5 acres, which is less than and therefore included in the 214.164 acres specifically described.[6] Accordingly, we hold that Leonicio conveyed his entire surface and mineral interest in the 1,134 acres to Horacio in the 1968 deed.

---

[6] Although not directly pertinent to our analysis, we note Parcel No. 1 containing 214.164 acres was the tract set aside to Horacio in the partition agreement/deed. In the appellees' brief filed by Rosalinda Salinas Balderas, et al., the appellees explain the 214 acres is comprised of Horacio's 94.5 acres, Leonicio's 94.5 acres, and 25 acres acquired from neighbors.

## PARTITION AGREEMENT/DEED

The appellants contend the trial court erred in declaring the partition agreement/deed to be valid because it was not signed by all of the co-tenants. The appellees respond that Juana was the only co-tenant who did not sign the agreement; however, the absence of her signature did not invalidate the agreement because her interest was not affected by the agreement. In the alternative, the appellees respond that if the agreement is invalid as to Juana, it still remains binding on the Salinas Signatories.

Based on our prior holding that Leonicio conveyed his entire interest in the 1,134 acres to Horacio before the partition agreement/deed was signed, we agree that Juana was the only co-tenant who did not sign the partition agreement/deed. The Texas Supreme Court has repeatedly held an agreed partition made without the joinder of all cotenants is void unless subsequently ratified by those who were not initially joined. *Thomas v. Southwestern Settlement & Dev. Co.*, 123 S.W.2d 290, 299 (Tex. 1939); *Joyner v. Christian*, 113 S.W.2d 1229, 1232 (Tex. 1938). In this case, the evidence is undisputed that Juana held an undivided interest in the mineral estate of the 1,134 acres. As such, Juana was a cotenant whose joinder in the partition agreement/deed was necessary in order for it to be effective. *Thomas*, 123 S.W.2d at 299; *Joyner*, 113 S.W.2d at 1232.

The appellees argue that Juana's joinder was not necessary because her interest was not affected by the partition agreement/deed. The agreement, however, clearly encompasses the entire 1,134 acre tract. The appellees emphasize the language in the partition agreement/deed stating that the "partition agreement shall partition all of the rights, title and interest *of the respective parties* to this agreement." Based on this language, the appellees argue only the interests of the parties to the agreement were partitioned. Because Juana was not a party, the appellees reason Juana's interest was not affected; therefore, her joinder was not necessary.

First, the appellees' argument ignores that Juana was a co-tenant based on her undivided mineral interest in the 1,134 acres. The prior opinions do not make any exception for partition agreements which attempt to exclude one of the co-tenants. Instead, the prior opinions state the joinder of all co-tenants is necessary. *Thomas*, 123 S.W.2d at 299; *Joyner*, 113 S.W.2d at 1232. In addition, the partition agreement/deed further states the partition agreement shall include:

> . . . all of the minerals of every kind, character and description underlying each of the tracts hereinabove described, and it being intended that each of the allottees of a parcel or tract of land as hereinabove described shall from henceforth be the owner of all of the minerals of every kind and character in and under the respective parcel and tract of land as allotted and set apart to the respective allottees . . . .

Because Juana's undivided mineral interest underlies the tracts of land "hereinabove described," her interest is included in and affected by the partition agreement/deed. Accordingly, the partition agreement/deed is void because of Juana's nonjoinder. *Thomas*, 123 S.W.2d at 299; *Joyner*, 113 S.W.2d at 1232.

We next consider the appellees' alternative argument that the partition agreement/deed is binding on the Salinas Signatories who signed it. As support for this argument, the appellees cite *Garza v. De Montalvo*, 217 S.W.2d 988 (Tex. 1949).

In *Garza*, the principal parties to the lawsuit were the ten heirs of Eugenio Garza Garcia and his wife Crisanta L. de Garza. 217 S.W.2d at 989. Three of the heirs, referred to as the Garza plaintiffs, brought suit against the remaining seven heirs, referred to as the Garza defendants, and Sun Oil Company. *Id*. The suit sought to determine title to a mineral estate and royalty interests in 1,163 acres. *Id*.

In 1937, all ten heirs executed a written agreement of partition relating to the 1,163-acre tract. *Id*. Although Sun Oil Company owned a lease to the mineral estate underlying a portion of the 1,163-acre tract, Sun Oil did not sign the partition agreement. *Id*. at 990. Similar to the instant

case, the partition agreement allotted each of the heirs the surface and mineral estate to a specific tract of land. *Id*. at 991-92.

The Garza plaintiffs asserted the partition was ineffective without Sun Oil's joinder. *Id*. at 992. The Texas Supreme Court, however, noted partition deeds are "binding contracts and are subject to the usual rules of construction to determine their scope and application." *Id*. at 993. The court then held that the partition agreement was binding on the parties thereto who could not subsequently attack it "because later developments prove[d] the agreement to be more advantageous to some of the parties than to others." *Id*. at 993-94.

The appellants contend the facts in *Garza* make its holding distinguishable from the instant case because in *Garza*, Sun Oil, as the non-joined co-tenant, did not object to the partition based on its non-joinder. *See id*. at 992. This contention, however, ignores the distinction between the partition agreement's effect on non-joining parties' rights as opposed to its effect on the parties who were signatories thereto. As to any non-joining co-tenants, like Sun Oil, the partition agreement would be ineffective. *See Joyner*, 113 S.W.2d at 1232. The parties to the agreement, however, "are estopped to deny its binding effect as against them." *Id*. Therefore, we hold the Salinas Signatories are estopped to deny the binding effect of the partition agreement/deed as against them. *See id*.

## REMAINING ISSUES

Because the Salinas Signatories and their heirs are estopped from denying the binding effect of the partition agreement/deed, we need only address any issues remaining with regard to Juana's undivided mineral interest. Because the issues relating to the remaining affirmative defenses asserted in the appellees' briefs only pertain to the Salinas Signatories, we need not

address those issues.[7] The only remaining issue, therefore, is the appellees' contention that summary judgment was proper with regard to Juana's interest because one of the appellees, Thorp Petroleum Corporation, asserted in its motion that Juana and her heirs could not produce any evidence of damages.[8] As previously noted, however, the trial court's final judgment clarifies that the issues resolved in the summary judgments were limited to "title related claims and claims for attorney's fees related thereto." Therefore, the only damage issues resolved in the final judgment were damage issues related to title claims. Because the trial court erred in declaring the partition agreement/deed to be valid as against Juana and her heirs, any judgment determining Juana was not entitled to damages based on that erroneous determination also must be reversed.[9]

## CONCLUSION

Because the Salinas Signatories are estopped from denying the binding effect of the partition agreement/deed, the trial court's judgment is affirmed as to all claims except the "title related claims and claims for attorney's fees related thereto" asserted by Juana's heirs. The trial court's judgment as to the "title related claims and claims for attorney's fees related thereto" asserted by Juana's heirs is reversed, and those claims are remanded to the trial court for further proceedings consistent with this opinion.

Jason Pulliam, Justice

---

[7] In the appellees' brief filed by Rosalinda Salinas Balderas, et al., the arguments relating to the affirmative defenses are applied to the "Partition Agreement/Deed Plaintiffs" which is defined to include the plaintiffs claiming title through signatories to the written partition agreement. Similarly, the joint appellees' brief filed by Smith Production Inc. and Thorp Petroleum Corporation, et al. asserts the affirmative defense issues only regarding appellants in "category 1" which is defined as successors to the original parties to the Partition Agreement.

[8] Another appellee Smith Production, Inc. joined in Thorp's motion, incorporating the arguments made by Thorp.

[9] We note the trial court's clarification in the judgment is consistent with the representations made by Thorp's attorney in his email correspondence with appellants' attorney. Based on the language contained in the final judgment, the trial court considered the issue of whether the plaintiffs were properly paid or damaged as "derivative of the validity or invalidity of the partition deed," which was the argument presented by Thorp's attorney at one of the hearings.